In the Matter of MATTHEW GREENE, Petitioner, against NEW YORK CITY HOUSING AUTHORITY, Respondent.

Supreme Court, Special Term, New York County, April 12, 1948.

*Stanley M. Lazarus* for petitioner.

*John P. McGrath, Corporation Counsel* (*William E. Walsh* of counsel), for respondent.

EDER, J. Proceeding under article 78 of the Civil Practice Act, for an order directing respondent, New York City Housing Authority, to reinstate petitioner to the position of senior property manager, as of February 2, 1948, together with back pay.

The petitioner is an honorably discharged soldier and veteran of World War I. On July 9, 1945, he was appointed to the permanent civil service position of property manager.

On or about September 19, 1947, petitioner was given appointment of senior property manager, which he avers was given without solicitation on his part, and was promoted to this position as of September 1, 1947, and which he alleges was a *permanent* appointment. He assumed his duties as senior property manager on or about September 22, 1947, and alleges that he carried out his duties efficiently and conducted himself in a very competent manner, without criticism or complaint.

Petitioner alleges that on or about January 30, 1948, without prior notice or warning, he was informed that he was demoted

and his status changed, effective February 2, 1948, from senior property manager to property manager. He protested, asserting there was no basis or justification for this action; he declared he was a permanent civil service employee with veteran status and that there was no right to summarily demote him; that he was entitled to a hearing and demanded that he be immediately reinstated, or suspended pending specific charges, which respondent refused to do.

It is conceded by respondent that no stated charges were served upon petitioner, nor was he granted a hearing.

The petitioner contends that as an honorably discharged soldier and veteran of World War I he could not be removed from the position of senior property manager without a hearing or trial, except for incompetency or misconduct in office, shown after a hearing, upon due notice, upon stated charges.

It is the respondent's contention that the petitioner is a *provisional* employee and that as a provisional employee in the title and grade of senior property manager he had no vested right to that position and could be removed therefrom and returned to his permanent civil service title and grade of property manager at the will of the respondent, without the necessity of serving charges upon the petitioner or granting him a hearing, and that the limitations upon removals contained in section 22 of the Civil Service Law have no application to provisional employees. Subdivision 4 of section 22 provides that the provisions of said secton shall not apply to persons employed under temporary or provisional appointments.

It is a general rule that provisional employees have no civil service status or rights (*Matter of Fink* v. *Kern,* 176 Misc. 114, affd. 262 App. Div. 829).

The respondent contends that the appointment of the petitioner to the position of senior property manager was a provisional appointment; that at the time of his appointment to the position of senior property manager petitioner held a permanent civil service position as property manager, having been appointed to such position after having successfully passed a competitive examination and having been certified for appointment by the Municipal Civil Service Commission; that he did not take any competitive examination for promotion to the position of senior property manager, and that no examination has in fact ever been held for said position; that there was at the time respondent determined to fill the vacancy resulting from the creation of the position of senior property manager no list of

persons eligible for appointment after competitive examination and that petitioner could not have been appointed pursuant to section 14 of the Civil Service Law and could only have been appointed pursuant to section 15 thereof, which provides for provisional appointments.

Respondent states that as there was no list in existence of persons eligible for appointment after competitive examination, but having urgent reasons for filling the vacancy and being unable to do so in conformity with the provisions of section 14 of the Civil Service Law, the respondent exercised the authority granted it by section 15 and nominated petitioner for provisional appointment, and that he was subsequently appointed provisionally to the position of senior property manager.

The respondent argues that petitioner could never have doubted that his appointment was anything but provisional and points to the following in support thereof: That upon his appointment to the position of senior property manager he was granted a leave of absence without pay from his civil service position of property manager to accept such appointment, and undertook the duties of senior property manager; that, in addition, he signed an application for employment in which it was specifically stated that the position he was to fill was provisional and that he was qualified for temporary work only.

Respondent's Exhibit B, which is a transcript of the payroll roster record, clearly states the position to be a provisional appointment, and respondent's Exhibit C, which is petitioner's application for employment, contains a notation to the effect that the position for which he made application was that of senior property manager, *provisional,* and a further stamped notation that he was qualified for *temporary* work only.

This is evidence which carries considerable weight. The petitioner endeavors to meet it by saying that while it is true that his signature appears on the application blank, there was no such stamp or legend thereon " qualified for temporary work only ", and that he signed the application blank after he was officially appointed.

Assuming this to be so, *arguendo,* it is to be observed that petitioner does not deny that there was typewritten thereon the following: " * * * position of Sr. Property Manager (*Prov.*) ". (Italics supplied.) Nor do I find any denial that upon assuming his position, as alleged in the affidavit of the executive director or the respondent (England), the petitioner was granted a leave of absence without pay, effective August

31, 1947, from his civil service position of property manager to accept provisional appointment as senior property manager, as appears from respondent's Exhibit C, and said executive director alleges that "Were the petitioner promoted to a *permanent* position as senior property manager, such leave of absence would not have been necessary" (italics supplied).

I think it is clearly established that the appointment was provisional and not permanent and that petitioner accepted it as such.

Petitioner contends that, even so, he being an honorably discharged veteran, he is nevertheless protected by the provisions of section 22 of the Civil Service Law, and relies principally on *Matter of Meenagh* v. *Dewey* (286 N. Y. 292, 303 and cases there cited).

They have no application to the case at bar and are authority for the proposition that the provisions of section 22 which prohibit the removal of an honorably discharged soldier, except for incompetency or misconduct shown after a hearing, upon due notice, upon stated charges, limit the power of removal of the head of the department, even where a veteran has been appointed to and occupies an exempt position from which others could be removed at the pleasure of the department head. I construe this to mean where the appointment, in the first instance, is to an exempt position, which is not this case.

For the foregoing reasons, the application is denied, and the petition is dismissed. Settle order.