Bernard S. Meyer, J.
The petition in this article 78 proceeding alleges that petitioner was appointed ¡Superintendent of Park Maintenance August 26,1960 and was removed therefrom June 4,1962, that petitioner is an honorably discharged veteran and that he was discharged without a hearing, Respondents’ *767 answer admits that petitioner is a veteran and was discharged without hearing, but denies the other allegations of the petition. The answer is accompanied by a copy of petitioner’s civil service history and payroll record form which shows his designation to have been provisional, A reply affidavit by petitioner’s attorney attacks the sufficiency of said form and states that it is petitioner’s contention that he holds a permanent appointment. Aside from the fact that the reply affidavit is by the attorney rather than petitioner, it sets forth no facts in support of petitioner’s contention. The payroll record is properly before the court and entitled to weight (Matter of Greene v. New York City Housing Auth., 192 Misc. 293, 295), In the absence of any allegation in the petition that petitioner obtained status as the holder of a position by permanent appointment or employment in the classified service and of an affidavit of petitioner setting up facts from which it could be found that he has such status, there exists no triable issue of fact. The petition must, therefore, be dismissed unless there is substance to petitioner’s contention that section 75 of the Civil Service Law applies to turn even though his appointment was provisional,
Petitioner argues that paragraph (b) of subdivision 1 of section 75 of the Civil Service Law must be read as applicable to a person who holds a position by permanent appointment or a person who holds a position by employment in the classified service, whether permanent or not; in other words, he contends that the word “ permanent ” modifies “ appointment ” only and not ‘ ‘ employment ’ ’. The history of the section shows otherwise. Former section 22 of the Civil Service Law provided in subdivision 1 that 11 No person holding a position by appointment or employment * * who is an honorably discharged soldier * * * shall be removed from such position except * * * after a hearing upon due notice upon stated charges ” (emphasis supplied; L. 1955, ch. 175) and subdivision 4 stated: “ The provisions of this section shall not apply to persons employed under temporary or provisional appointments.” (L. 1944, ch. 379.) After legislative study beginning in 1952, the Civil Service Law was revised by chapter 790 of the Laws of 1958. The memorandum of the State Department of Civil Service on that law, reported in New York State Legislative Annual (1958, p. 71 et seq.) states: u Although the bill proposes many substantive changes from present law, these are generally such that if considered individually, none would be of great consequence.’’ Some 15 changes are then discussed, but there is no reference to the provisions concerning removal and other disciplinary action, notwithstanding that Legislative Document *768 (1956) No. 61 (p. 24) shows that at one point in the bill’s history, it was proposed to excise those provisions from the law. The inference that thus arises that no substantive change in the removal provision was intended is confirmed by the distribution table set forth at the end of chapter 790 of the Laws of 1958 which with respect to both subdivision 1 and subdivision 4 of former section 22 refers to present subdivision 1 of section 75. It is, thus, apparent that the words ‘ ‘ permanent appointment or employment ” in present subdivision 1 of section 75 were intended to have the same meaning and effect as former subdivision 1 of section 22, as modified by subdivision 4 of section 22; that is, that only persons holding permanent positions whether by appointment or employment are protected by paragraph (b) of subdivision 1 of section 75.
Since the law is clear, that under the former section persons holding provisional appointment were subject to discharge without hearing (Matter of Benon v. La Guardia, 285 N. Y. 560); and since the revision of the Civil Service Law worked no substantive change in this respect, petitioner’s argument cannot be sustained (see Cuzzivoglio v. Hamlin, 202 N. Y. S. 2d 402; Matter of Geiger v. Nickerson, 35 Misc 2d 127). The application is, therefore, denied.