Arnold L. Fein, J.
Application pursuant to CPLR article 78 for a judgment annulling the dismissal of petitioner from the position of permanent shift manager in the employ of respondent New York City Off-Track Betting Corp., and directing that petitioner be restored to said position as of December 20, 1973. Petitioner alleges that his dismissal was arbitrary, capricious, and unlawful, in that his discharge did not conform to due process requirements, as he was not afforded an opportunity to meet the charges against him at a formal hearing on notice, with the right to counsel.
Respondent has not answered the petition, but has cross-moved for a judgment, pursuant to CPLR 7804 (subd [f]), dismissing the petition for failure to state a cause of action. Respondent contends that since petitioner was a provisional civil service employee, his dismissal without a hearing was proper and in accordance with legal requirements.
On April 5, 1971, petitioner became employed by respondent as a cashier-clerk. In January of 1972 he was promoted to supervisor and in April of that year to permanent shift manager. He served in said capacity until his discharge on December 20, 1973.
*107 Although it appears that no formal hearing was conducted and no right to counsel was afforded, respondent held an informal conference on the charges on September 7 and 13, 1973, and November 28, 1973. Despite notice sent, petitioner did not appear on the last conference date. There appears to be a dispute as to the reasons for his nonappearance.
Of the charges preferred, all were dismissed except the sixth. Petitioner was found to have "abrogated his managerial responsibility in the critical area of cash security” by instructing and inducing two supervisors "to violate money-handling procedures”. Specifically, petitioner was "found guilty” of having subordinate employees working as vault dealers make entries in the vault reconciliation sheets showing sums of money which had not been counted.
It is undisputed that, despite the fact that petitioner’s title indicates a permanent status, he was a provisional employee. The fact that on March 18, 1974, petitioner’s former position was converted from provisional status to that of permanent noncompetitive, is irrelevant. The reclassification occurred after petitioner’s discharge and cannot operate to alter rights afforded him as a provisional employee.
It has been consistently held that provisional employees may be discharged without a hearing because such employees have no tenure under the Civil Service Law. (Matter of Benon v LaGuardia, 285 NY 560; Matter of Albury v New York City Civ. Serv. Comm., 32 AD2d 895, affd 27 NY2d 694; Matter of Villani v County of Nassau, 36 Misc 2d 766.) As stated in Matter of Albury (32 AD2d 895, supra), holding that the denial of a hearing to such employee was not a denial of due process: "A conditional or provisional employee is not entitled to a hearing upon disqualification if one is not provided for by statute * * * A State or municipality in suspending or discharging its employees is exercising an administrative function and 'no notice of hearing is necessary unless specifically enjoined by statute’ [citing cases]”.
Section 75 of the Civil Service Law providing for hearings with respect to dismissal of permanent civil service employees does not require a hearing upon dismissal of a provisional civil service employee.
Conceding that a provisional employee may be dismissed without a hearing if no grounds are stated, petitioner contends that a hearing is required if certain kinds of reasons for dismissal are assigned, citing Board of Regents v Roth (408 US *108 564) and Perry v Sindermann (408 US 593). (See, also, Cohen v Department of Mental Hygiene of State of N. Y., NYLJ, Jan. 25, 1974, p 19, col 4.) In substance these cases hold that even in the absence of tenure an adversary hearing is required where there is a discharge or failure to rehire an employee for a reason which "might seriously damage his standing and associations in his community,” or which "imposed on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities.” (Roth, 408 US 564, 573, supra.) In Roth, the State had declined to rehire respondent without assigning a reason therefor. The Supreme Court declared that had a charge been made of dishonesty or immorality, a hearing would be required, quoting Wisconsin v Constantineau, (400 US 433, 437): "'[w]here a person’s good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential.’ ” (Board of Regents v Roth, 408 US 564, 573.)
The charges asserted against petitioner here may well impose upon him a stigma or disability so as to preclude him from other employment opportunities. No affirmative showing in this regard has been made. Nor does it appear that any action has been taken to bar petitioner from all other public employment. (Board of Regents v Roth, 408 US 564, 573, supra.) However, it does appear that petitioner was charged with misconduct in a public office involving public funds, bringing the case within the purview of the principles announced in these cases. Although it is not shown that petitioner was found to have misused or mishandled public funds, he was found guilty of inducing subordinate employees to violate respondent’s procedures by inserting upon required forms entries showing sums of money which had not been counted. Albeit the finding was in terms of violation of regulations, the inference of something worse is apparent.
Thus read, the findings might seriously damage petitioner’s standing and associations in the community and carry implication of guilt of either immorality or dishonesty. There is something more here than mere violation of regulations, as noted in Russell v Hodges (470 F2d 212, 217), referring to Roth (supra) and Perry v Sindermann (408 US 593, supra): "we believe the Court was thinking of something considerably graver than a charge of failure to perform a particular job, lying within the employee’s power to correct * * * Indeed, a *109 general rule that informing an employee of job-related reasons for termination created a right to a hearing, in circumstances where there was no constitutional requirement for the state to do anything, would be self-defeating; the state would merely opt to give no reasons and the employee would lose the benefit of knowing what might profit him in the future.”
In Russell v Hodges (supra), one of the employees had been charged with sleeping on duty, absence from his post without authorization and wearing improper attire, found by the court to relate to the failure to perform an employee’s job as required. Here, although petitioner’s dismissal was based upon a job-related reason there was at least an implication of dishonesty or immorality.
Accordingly, an issue is raised precluding dismissal of this proceeding, even though a provisional employee is involved. It cannot now be determined whether petitioner’s dismissal without a formal hearing was either arbitrary or capricious. Nor is it now appropriate to pass on the kind of hearing which may be required. There is a dispute as to the nature of the hearing or "informal conference” held and as to the reasons for petitioner’s nonappearance at the appointed time and place. Respondent is entitled to interpose an answer.
Accordingly, respondent’s motion to dismiss is denied and respondent is given leave to interpose an answer within 10 days after service of a copy of the order to be settled hereon, with notice of entry. Petitioner is given leave to renotice this proceeding on two days’ notice after receipt of respondent’s answer.