■ In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., et al., Appellants, v MORTON B. WALLACH, as Director of Brooklyn State Hospital, Respondent.—In a proceeding pursuant to CPLR article 78 to, *inter alia,* review respondent's determination that the employment of the individual petitioners be terminated, the appeal, as limited by appellants' brief, is from so much of a judgment of the Supreme Court, Kings County, entered April 5, 1973, as denied the application and dismissed the petition. Judgment reversed insofar as appealed from, on the law, without costs, and matter remanded to respondent for further proceedings consistent herewith. The provision for service by certified mail of a notice of determination of strike participation, under section 210 of the Civil Service Law, is not unconstitutional, since it provides a means "reasonably calculated" to notify the employee of a determination affecting his rights *(Mullane v Central Hanover Trust Co.,* 339 US 306, 314). However, there is an issue as to whether the individual petitioners were duly sent notice of such a determination and of their right to challenge it. The evidence before Special Term was not sufficient to permit it to determine whether the required certified mail notices had been sent to any or all of the individual petitioners. There is no merit in petitioners' contentions that the minor misspelling of names or that the addressing of the notices with surname followed by Christian name, without an intervening comma, rendered the notice constitutionally or statutorily deficient. Petitioners' second argument is that after the individual petitioners were placed on probation pursuant to the above-mentioned notices, their employment was terminated, without a hearing, because of alleged misconduct. Petitioners contend that due process entitled the individual petitioners to a hearing, even though they were probationary employees not ordinarily entitled thereto, because the specific charges deprived them of "liberty" or "property". They rely for authority upon the decision in *Board of Regents v Roth* (408 US 564) and *Perry v Sindermann* (408 US

593). With the exception of the apparently single charge of insubordination, the specifications charged the individual petitioners with nonperformance of their work duties, rather than immorality or dishonesty. Thus, those charges did not deprive them of "liberty" or "property". Insubordination, on the other hand, is a charge which carries sufficient stigma to affect rights, liberty and property. On that charge, even a probationary employee is entitled to a hearing (cf. *Matter of Reeves v Golar,* 45 AD2d 163; *Matter of Mengrone [New York City Off-Track Betting Corp.],* NYLJ, Nov. 20, 1974, p 16, col. 2; *Aster v Board of Educ. of City of N.Y.,* 72 Misc 2d 953). Hopkins, Acting P. J., Latham, Brennan and Shapiro, JJ., concur.