■ In the Matter of THOMAS JACKSON et al., Appellants, v MORTON B. WALLACH, as Director of Brooklyn State Hospital, Respondent.—In a proceeding pursuant to CPLR article 78 to, *inter alia,* review a determination of respondent, dated January 10, 1973, which terminated the services of petitioner Jackson as a hospital attendant, the appeal, as limited by appellants' brief, is from so much of a judgment of the Supreme Court, Kings County, entered April 5, 1973, as denied the application and dismissed the petition. Judgment reversed insofar as appealed from, on the law, without costs, and matter remanded to respondent for further proceedings in accordance herewith. Appellants contend that due process of law entitled petitioner Jackson to a hearing, even though he may have been a probationary employee not ordinarily entitled thereto, because the specific charges of drunkenness and physical abusiveness deprived him of "liberty" or "property". They rely for authority upon the decisions in *Board of Regents v Roth* (408 US 564) and *Perry v Sindermann* (408 US 593). The charges in this case fall into the limited category of "stigmatizing" charges for which due process requires a hearing, even for probationary employees. Jackson's morality was impugned by the charges of drunkenness and physical abusiveness (cf. *Matter of Reeves v Golar,* 45 AD2d 163; *Matter of Mengrone [New*

*York City Off-Track Betting Corp.]*, NYLJ, Nov. 20, 1974, p 16, col 2). Because of the determination herein that Jackson was entitled to a hearing, we do not reach the question whether he was deprived of due process in the procedure used to determine that he was a probationary employee (see *Matter of Civil Serv. Employees Assn. v Wallach*, 48 AD2d 923). Hopkins, Acting P.J., Latham, Brennan and Shapiro, JJ., concur.