John W. Sweeny, J.
This is an article 78 proceeding in which a judgment is sought directing respondents to reinstate petitioner to a position on the police force of the Village of Greenwood Lake, New York.
Petitioner’s services as a "provisional” employee were terminated by the Village of Greenwood Lake in September, 1974 for the stated reason that "on the basis of psychological tests, it is felt that you would not be suitable for police work.” As the result of a prior application to this court, the petitioner obtained access to the records of the tests in question. However, judicial review of the respondents’ action in terminating petitioner’s employment was denied at that time without prejudice to whatever rights petitioner might have to demand administrative review.
The respondent, Commissioner of Personnel, has been following what he believes to be the administrative review guidelines set forth in a letter from the New York State Department of Civil Service dated March 23, 1973. In substance, the State made the following suggestions with respect to procedures for psychological testing: (1) that initial psychological testing be made by a licensed psychologist, (2) that in the event of an unsatisfactory result, the test results should be reviewed by a psychiatrist, and (3) that an appeal to a board of qualified psychologists and psychiatrists would be available if a candidate’s disqualification was confirmed by the psychiatrist.
In petitioner’s case he was initially tested and then re-tested on a later date by psychologists. Because the results of these tests proved to be unsatisfactory, petitioner was given a third psychological test administered by both a psychologist and a psychiatrist employed by the Orange County Department of Mental Health. It was after this third test that petitioner was *521 found to be and notified that he was psychologically unsuitable for police work. When petitioner objected to his disqualification, the county arranged for a board from the Department of Mental Health, consisting of a staff psychiatrist and a staff psychologist, neither of whom had previously examined petitioner, to examine him once again. Petitioner was again found to be psychologically unsuitable, and he was removed from his appointment as a provisional police officer during the latter part of September, 1974.
In denying petitioner’s application for an order reviewing his dismissal in his order dated January 2, 1975, the undersigned was under the impression that the petitioner would press for an administrative hearing on the issue of his disqualification. However, the record now before this court is somewhat vague regarding the events which occurred subsequent to the January 2, 1975 order of this court.
This court cannot perceive any prejudice sustained by respondents as a result of the formal irregularities of petitioner’© motion papers; therefore the court must reject that aspect of respondents’ opposition to this application (cf. Matter of Sylvander v Stewart, 36 AD2d 567).
Since the prior order of this court acknowlédged petitioner’s right to seek further administrative action and subsequent judicial review, there can be no serious claim made that petitioner’s instant application is barred by the doctrine of res judicata. However, respondents do raise a serious question regarding the timeliness of this petition.
It appears that sometime after the January 2, 1975 order of this court, the petitioner’s attorney received a carbon copy of a letter sent to the court by the Orange County Attorney’s office. In substance, the letter advised the court that the respondents considered the psychological re-examinations of petitioner as his administrative appeal and that they would not afford any further review. It does not appear that there was any explicit notification given directly to petitioner indicating that respondents considered that they had afforded petitioner all the administrative relief to which they believed he was entitled. In any case, nothing further seems to have transpired in this matter until petitioner brought the instant proceeding by notice of motion dated November 25, 1975.
For the purposes of the commencement of the four-month Statute of Limitations established by CPLR 217, the burden is on the public body to make it clear to an employee when its *522 final determination has been made (Matter of Castaways Motel v Schuyler, 24 NY2d 120). Because petitioner need not have considered a carbon copy of a letter written to the court as a communication directed to him expressing respondents’ definitive refusal to provide an appeal hearing on the question of his psychological fitness, this court believes that there was sufficient ambiguity created by the respondents’ method of communicating its determination to decide the defense of the Statute of Limitations against the respondents.
Proceeding then to the central issue, viz., whether petitioner is entitled to a hearing before his dismissal, there does not appear to be any question that petitioner, as a provisional employee, is not under normal circumstances entitled even to notice of the reason for his dismissal, let alone a hearing before dismissal (Matter of Albury v New York City Civ. Serv. Comm., 32 AD2d 895, affd 27 NY2d 694). However, the absence of a statutory right to an adversary hearing is not considered relevant in those circumstances when the reason given for dismissal is such' that it might damage an employee’s reputation in the community or impose upon him a stigma or other disability that would restrict his ability to obtain other employment (Board of Regents v Roth, 408 US 564; Wisconsin v Constantineau, 400 US 433). The right to such an adversary hearing has been extended to probationary employees when that person is the subject of "stigmatizing” charges (Matter of Jackson v Wallach, 48 AD2d 925; Matter of Civ. Serv. Employees Assn. v Wallach, 48 AD2d 923). The decision of Mr. Justice Fein in Matter of Mengrone [New York City Off-Track Betting Corp.] (83 Misc 2d 105), cited with approval by the Appellate Division of this Department in Matter of Civ. Serv. Employees Assn. v Wallach (supra), acknowledged the right of even a provisional employee to a hearing where a stigmatizing charge had been stated as the reason for an employee’s dismissal.
It is the opinion of this court that the dismissal of a provisional employee because he is deemed psychologically unfit falls within the limited category of those charges which will seriously affect not only petitioner’s ability to obtain other employment of any kind but might also seriously damage his standing in the community. For these reasons, this court believes that petitioner should be entitled to an adversary hearing at which he can question the opinion of respondents’ experts and offer evidence to refute their opinion.
*523 While respondents have been most accommodating to petitioner by offering continued re-examinations by psychologists and psychiatrists from the same mental health unit, this has not afforded petitioner the opportunity for a hearing at which he can question and attempt to refute the opinion of experts in the field of an admittedly inexact science whose conclusions may have deprived petitioner of many avenues of employment and adversely affected his reputation in the community.
Therefore, since respondents have, however innocently, given this provisional employee a reason for his dismissal which this court believes falls within the parameters of the United States Supreme Court’s decision in Board of Regents v Roth (supra), when they need not have given him any reason at all for his dismissal (cf. Russell v Hodges, 470 F2d 212), they have obligated themselves to give petitioner an adversary hearing. Accordingly, the petition is granted to the extent that respondents are hereby directed to provide said hearing, the mechanics of which shall be determined by respondents, within 45 days of the date of this decision and order.