Leonard Rubenfeld, J.
Petitioner, in this article 78 proceeding, seeks a judgment: "(a) annulling the determination of respondents which revoked petitioner’s appointment [to the position of social case worker] * * *; (b) directing respondents to appoint petitioner to such position in the next available opening as social caseworker [and]; (c) expunging the charges made against her in records they control; or alternatively; (d) directing that an evidentiary hearing be held before an impartial body or office upon adequate advance notice of charges to determine issues of fact pertaining to respondent’s claims and final notations that petitioner has negligently or intentionally failed to report income to the Department of Social Services of Westchester County”. Petitioner has moved separately for leave to conduct discovery proceedings pursuant to CPLR 408.
By letter dated September 16, 1975 petitioner was notified of her "appointment to the position of Social Case Worker on a probationary basis as of October 6, 1975 from eligible list #69-504”. By a letter from respondent Bates, dated September 18, 1975, petitioner was advised "that our letter of September 16, 1975 * * * must be rescinded. Your appointment from the Civil Service List as a Social Caseworker will be held in abeyance pending our further review of the circumstances *730 concerning your application for food stamps in the Yonkers District Office. I regret that this action must be taken but the matter was only recently brought to my attention and it must be resolved satisfactorily before an appointment may be made”.
The petitioner alleges that her appointment to the position of social caseworker was rescinded solely because of a suspicion or charge that she had obtained food stamps from the Department of Social Services without reporting income received from a part-time job allegedly in violation of a requirement that such income be reported. She alleges further that she has requested a hearing to clear herself of such charges but the request has been denied by respondent Bates.
The answer to the petition denies the allegation that the appointment was rescinded for the "sole reason” stated by petitioner and alleges a series of affirmative defenses which are grounded on contentions that the rescission was an administrative and discretionary act not subject to review and that petitioner had neither a statutory nor constitutional right to an evidentiary hearing prior to the revocation of her appointment.
However, based upon the documentary evidence before the court (the letters of appointment and revocation) it may very well have been that, apart from suspicions or charges of food stamp fraud emanating from within the Department of Social Services, the respondent, Bates, found the petitioner to be the most qualified person among the list of persons eligible for appointment. Whether the appointment was rescinded "solely” by reason of such charges is not necessarily conclusive. It may have been the critical factor which tipped the scales against petitioner and led to the appointment of someone else on the eligible list. The court is of the opinion that petitioner’s right to an evidentiary hearing under these circumstances is no less than that of a person on probation whose employment is terminated for reasons affecting his or her good name, reputation, honor or integrity (cf. Board of Regents v Roth, 408 US 564, 573; Matter of Civil Serv. Employees Assn. v Wallach, 48 AD2d 923; Matter of Reeves v Golar, 45 AD2d 163).
Accordingly, the petition is granted to the extent that the matter is remanded to the Department of Social Services for an evidentiary hearing, to be held within 50 days of service of the order to be entered hereon with notice of entry and upon *731 a notice of charges to be served at least 20 days prior to the date set for such hearing, on any allegations involving a violation of food stamp regulations by petitioner. In the event such hearing is not held within the time specified, except for good cause shown, or in the event such hearing results in a determination favorable to petitioner, this matter will be set down for a hearing in Special Term, Part III, upon the filing of a note of issue and payment of all appropriate fees, on the issue of whether petitioner’s appointment was rescinded because of such suspicions or charges, or for valid reasons, and for a determination of whether petitioner is entitled to the principal relief sought in her petition. In the event this administrative hearing results in a determination unfavorable to petitioner, respondents may move for final judgment dismissing the petition herein.
The motion for an order permitting discovery pursuant to CPLR 408 is denied without prejudice to a renewal thereof after termination of the administrative proceedings but prior to the filing of a hearing note of issue herein.