NARENDRA S. SIROHI, Appellant, v RICHARD C. MERGES, as Director

of Wassaic Developmental Center, Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondent to restore petitioner to the position of principal psychologist, from which position petitioner had been "demoted", the appeal, as limited by petitioner's brief, is from so much of an order of the Supreme Court, Dutchess County, dated December 27, 1976, as, upon reargument, dismissed the petition on the merits. Order affirmed insofar as appealed from, without costs or disbursements. Petitioner was permanently appointed to the position of associate psychologist (grade 23) in March, 1970. Thereafter, he was promoted, by way of a provisional appointment, to the position of principal psychologist (grade 27). In December, 1975 he was summarily removed from the latter position and reinstated to his permanent position, from which he was technically on leave of absence for the period of his provisional service (see 4 NYCRR 4.10). This CPLR article 78 proceeding was then commenced to "annul" his removal and "demotion". Petitioner's reliance upon section 75 of the Civil Service Law is misplaced. That statute prohibits, *inter alia,* the removal of a person holding a position by permanent appointment in the competitive class, except for incompetency or misconduct shown after a hearing upon stated charges. However, petitioner was not removed from a position he held by permanent appointment. Rather, he was merely removed from the higher grade position which he held by a provisional appointment. The latter situation is governed by section 65 of the Civil Service Law, not section 75, and a provisional appointee may, of course, be discharged from such a position without a hearing or cause shown (see *Matter of Greene v New York City Housing Auth.,* 192 Misc 293; *Matter of Pedrick v Town Bd. of Town of Huntington,* 24 Misc 2d 1066; see, also, *Matter of Villani v County of Nassau,* 36 Misc 2d 766). We find petitioner's remaining arguments for reversal to be without merit. Hopkins, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.