■    In the Matter of SYMA HIATT, Appellant, v VICTOR S. BAHOU,as President of the New York State Civil Service Commission, et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Petitioner appeals from a judgment of the Supreme Court, Onondaga County, entered November 20, 1976, denying her application pursuant to CPLR article 78 to annul her discharge as a ward aid from Hutchings Psychiatric Clinic, to secure reinstatement to this former position, and to be awarded lost wages as ward aid. The judgment directed that respondents place petitioner's name on a preferred eligibility list for positions similar to seamstress, a position she previously held, pursuant to section 81 of the Civil Service Law. In 1962 petitioner was appointed to a position in the noncompetitive civil service as a seamstress at what is now Hutchings Psychiatric Center in Syracuse, New York. This position was abolished and petitioner's services terminated effective February 25, 1976. Petitioner was then promoted to a permanent noncompetitive class position of ward aid effective the day following her termination as a seamstress. She was discharged without a hearing from this position on May 21, 1976, within the 12-week probationary period for promotions. The present proceeding was instituted to annul the termination of petitioner's employment as a ward aid and to obtain reinstatement to this position, back wages and lost benefits. Under the Rules of the Classified Civil Service, unless otherwise specified, a promotion is subject to a probationary term of 12 weeks, at the end of which the promotion may be terminated if the conduct, capacity, or performance of the probationer is not satisfactory (4 NYCRR 4.5 [d] [1], [2]). Therefore, in the absence of a showing of bad faith, respondents' termination of her appointment as ward aid within the probationary period was proper and petitioner has no right to reinstatement thereto (*Matter of King v Sapier,* 47 AD2d 114, affd 38 NY2d 960). Petitioner's reliance upon section 75 of the Civil Service Law is misplaced. That statute prohibits the removal of an employee holding a position in the noncompetitive class who, since his last entry into State service, has completed at least five years of continuous service in a position or positions in the noncompetitive class (Civil Service Law, § 75, subd 1, par [c]) and who has successfully completed the probationary term (cf. *Sirohi v Merges,* 58 AD2d 645). Upon termination of an appointment during the probationary term, the probationer is entitled to return to a former position (Civil Service Law, § 63, subd 1; 4 NYCRR 4.5 [f]). Here, the previous position of seamstress was abolished and a tenured employee has no right to be reinstated to an abolished position (*Matter of Felder v Fullen,* 27 NYS2d 699, 703, affd 263 App Div 986, affd 289 NY 658; *Matter of Clancy v Halleran,* 263 NY 258; *Matter of Breckenridge,* 160 NY 103, 108). Accordingly, petitioner was properly denied reinstatement to her former position as a seamstress but is entitled to be placed on a preferred eligibility list for positions similar to seamstress as of the termination of her employment in that position (Civil Service Law, §§ 80-a, 81, subd 1). (Appeal from judgment of Onondaga Supreme Court—art 78.) Present—Marsh, P. J., Moule, Denman, Goldman and Witmer, JJ.