■ In the Matter of Myrna Brathwaite, Appellant, v Manhattan Children's Psychiatric Center et al., Respondents.—Judgment of the Supreme Court, New York County, entered July 17, 1978, granting the Attorney-General's cross motion to dismiss the petition, unanimously reversed, on the law, without costs or disbursements, the cross motion to dismiss denied, the matter remanded for further proceedings and respondents are permitted to answer the petition within 20 days after service of a copy of our order with notice of entry. A pleading challenged on a motion to dismiss for failure to state a cause of action (CPLR 3211, subd [a], par 7) is to be "given the benefit of every possible favorable inference" *(Rovello v Orofino Realty Co.*, 40 NY2d 633, 634) and its allegations must, for the purpose of such contest be assumed to be true *(Kober v Kober*, 16 NY2d 191, 193). By this standard, the petition here sets forth a cause of action in alleging: that petitioner was employed by respondents as special education teacher of mentally ill children in a State institution; that she was falsely accused by her employer of having disclosed confidential material regarding certain unnamed patients of Manhattan Children's Psychiatric Center in violation of law and the rights of the patients; that she denies the allegation; that she was summarily discharged without a hearing; that respondents' allegation of impropriety and illegality on the part of petitioner

seriously impugns her integrity and adversely reflects on her record as a teacher; and that her ability to find similar employment within her chosen profession has been substantially impaired by respondents' action *(Board of Regents v Roth,* 408 US 564, 573; *Bishop v Wood,* 426 US 341, 348; *Codd v Velger,* 429 US 624, 627; *Matter of De Lucia v Lefkowitz,* 62 AD2d 674, 677; *Matter of Petix v Connelie,* 61 AD2d 65, 69). Pleadings are to be liberally construed (CPLR 3026). While the petition does not specifically allege that the false charge of misconduct was disseminated, nevertheless an allegation of dissemination is reasonably discerned from the petition as a whole and the factual allegations therein. Although petitioner does not admit that she was a provisional employee (which is the claim made by respondents in their brief and oral argument), that aspect of her employment is not determinative of the issue of the sufficiency of the petition. A provisional employee has no property right in a particular position (Civil Service Law, § 65; *Sirohi v Merges,* 58 AD2d 645, 646) and, accordingly, is not entitled under Civil Service Law to a pretermination hearing *(Matter of Mengrone v New York City Off-Track Betting Corp.,* 83 Misc 2d 105, 107). Nevertheless, if the claim set forth in the petition is true, petitioner is entitled to a "name clearing hearing" *(Board of Regents v Roth, supra,* p 573). It is the rule that "where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential" *(Board of Regents v Roth, supra,* p 573; see, also, *Matter of Reeves v Golar,* 45 AD2d 163, 165); otherwise her procedural due process rights are violated *(Johnson v Crown Hgts. Community Corp.,* 39 AD2d 889). Concur—Birns, J. P., Fein, Sandler, Silverman and Ross, JJ.