■ In the Matter of SIGMUND HOROWITZ, Appellant, v THOMAS ROCHE et al., Respondents.—Judgment, Supreme Court, New York County, entered July 28, 1978, denying and dismissing petitioner's petition which sought a direction compelling respondents to appoint him a Senior Appraiser (Real Estate) in the Department of Housing Preservation and Development of the City of New York, unanimously reversed, on the law, without costs and disbursements, and the application is granted to the extent of remanding this matter to the Housing Preservation Administration for a hearing. The petitioner, an appraiser in the real estate department of the Housing Preservation Administration of the City of New York, took a civil service examination for the position of Senior Appraiser and was the only one who passed. His name was certified by the Department of Personnel to the Housing Agency, but the latter did not appoint petitioner to the position of Senior Appraiser. Instead, the Housing Preservation Administration, with respect to petitioner, obtained an exemption from an executive order which mandated civil service appointments. It rebuffed petitioner's attempt to secure appointment with the reasons that provisionals were performing the duties of that office and that petitioner's performance with respect to the skill required by that position is marginal, i.e., that petitioner was not competent to perform the work demanded by the position of Senior Ap-

praiser. Petitioner asserts that two individuals who took the examination, but did not pass, were appointed Senior Appraiser provisionals. The record discloses that the respondents' contention that petitioner is not competent is rebutted by evidence submitted by petitioner to the effect that he is able, thus raising a clear factual issue. The reason for nonappointment being essentially predicated on lack of competence, despite the fact that petitioner was the only one who passed the examination, carries with it an implied stigma that affects the petitioner's freedom within the ambit of the Fourteenth Amendment, and this warrants affording to petitioner a hearing in accord with due process, i.e., the affording to petitioner of notice and an opportunity to be heard in refutation of the charge of incompetence (cf. *Board of Regents v Roth,* 408 US 564; *Perry v Sindermann,* 408 US 593; *Matter of Delicati v Schechter,* 3 AD2d 19, 23). Concur—Sullivan, Lane, Lupiano and Ross, JJ.

Fein, J., concurs in a memorandum as follows: I concur that remand for a hearing is required in accordance with the principles stated in *Matter of Delicati v Schechter* (3 AD2d 19) to ascertain whether respondents' refusal to appoint petitioner to the position of Senior Appraiser was arbitrary or capricious, or whether good and sufficient cause existed not to promote petitioner, the only person who had passed the civil service examination. However, I disagree with the implication in the majority's memorandum which predicates remand upon the authority of *Board of Regents v Roth* (408 US 564) and *Perry v Sindermann* (408 US 593). Those cases require an adversary hearing where "a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him" *(Wisconsin v Constantineau,* 400 US 433, 437), in that the basis for the discharge, refusal or failure to hire or rehire "might seriously damage his standing and associations in his community", or would impose "a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities." *(Board of Regents v Roth, supra,* p 573.) In the absence of statutory mandate or contract, an adversary hearing is not required as to every determination which implies that the employee is incompetent or otherwise unfit to do the job. Rather, *Roth* contemplates a hearing only where there is an implication of immorality or dishonesty, a "sufficient stigma to affect rights, liberty and property." *(Matter of Civil Serv. Employees Assn. v Wallach,* 48 AD2d 923, 924 [insubordination]; *Matter of Jackson v Wallach,* 48 AD2d 925 [drunkenness and physical abusiveness]; *Matter of Mengrone v New York City Off-Track Betting Corp.,* 83 Misc 2d 105 [immorality or dishonesty]). As observed in *Russell v Hodges* (470 F2d 212, 217), referring to *Roth (supra)* and *Perry (supra):* "we believe the Court was thinking of something considerably graver than a charge of failure to perform a particular job, lying within the employee's power to correct". To the same effect is *Matter of Civil Serv. Employees Assn. v Wallach (supra,* p 924), wherein the Appellate Division, Second Department, ruled: "With the exception of the apparently single charge of insubordination, the specifications charged the individual petitioners with nonperformance of their work duties, rather than immorality or dishonesty. Thus, those charges did not deprive them of 'liberty' or 'property'." Here the refusal to appoint was apparently premised on a letter critical of petitioner's qualifications and questioning his ability and capacity to perform. There is no stigma of the kind referred to in *Roth* and *Perry.* A hearing is nonetheless warranted to determine whether the refusal to appoint petitioner was arbitrary or capricious in the face of the appointment of two others who failed the prescribed examination (see *Matter of Delicati v Schecter, supra).*