■ In the Matter of ANTHONY SALVATORE, Appellant, v MICHAEL NASSER, as Commissioner of the Department of Social Services of the County of Oneida, et al., Respondents. — Judgment unanimously reversed, with costs, petition reinstated, and matter remitted to Special Term for further proceedings in accordance with the following memorandum: Petitioner appeals from a judgment dismissing his CPLR article 78 petition upon the pleadings. He alleges that he was dismissed as a temporary employee of the Department of Social Services, Oneida County, in the position of Social Welfare Examiner. The letter terminating his employment stated that his work performance had been "extremely poor" and that in addition, he was "being charged with fraud in regards to [his] Public Assistance application." Petitioner further alleges that the asserted grounds for his discharge "stigmatized his good name, reputation, honor and integrity and, furthermore, have damaged his standing and association in the community." He seeks reinstatement to his position as Social Welfare Examiner with back pay from the date of his discharge. It is a general rule that a nontenured public employee may be discharged without a hearing in the absence of proof not present here, that the discharge was arbitrary or capricious or in bad faith (see *Matter of Anonymous v Codd,* 40 NY2d 860; *Matter of Talamo v Murphy,* 38 NY2d 637; *Matter of Brathwaite v Manhattan Children's Psychiatric Center,* 70 AD2d 810). Where, however, the discharge is for reasons which may cast a stigma upon the employee's good name, reputation, honor or integrity, he is entitled to a hearing to refute the charges against him (see *Board of Regents v Roth,* 408 US 564; *Matter of Brathwaite v Manhattan Children's Psychiatric Center, supra; Matter of Horowitz v Roche,* 70 AD2d 854; *Matter of Perry v Blair,* 49 AD2d 309; *Matter of Reeves v Golar,* 45 AD2d 163; *Matter of Stearns v Gilchrist,* 84 Misc 2d 519; *Matter of Mengrone v New York City Off-Track Betting Corp.,* 83 Misc 2d 105). The letter notifying petitioner of his discharge clearly attributed dishonesty to him. Accordingly, Special Term should have remitted the matter

to respondents for the purpose of conducting a hearing at which petitioner would be afforded an opportunity to clear his name (see *Brathwaite v Manhattan Children's Psychiatric Center, supra)*. Petitioner is a temporary employee and has no rights under section 75 of the Civil Service Law, and Special Term properly refused to order reinstatement or back pay pending a hearing on the stigmatizing charges (see *Matter of Perry v Blair, supra,* p 315; *Matter of Reeves v Golar, supra,* p 166). The petition is reinstated and the matter is remitted to Special Term for remittal by it to respondents for an adversarial hearing in accordance with this decision (see *Matter of Horowitz v Roche, supra,* p 855). (Appeal from judgment of Oneida Supreme Court — art 78.) Present — Simons, J. P., Hancock, Jr., Doerr, Denman and Schnepp, JJ.