■ RONALD N. RANUS, Appellant, v BARBARA B. BLUM, as Commissioner of the New York State Department of Social Services, et al., Respondents. — Judgment unanimously modified in accordance with memorandum and, as modified, affirmed, with costs to petitioner, and petitioner's motion for discovery granted. Memorandum: Petitioner received a provisional appointment with respondent as a hearing officer in April of 1978, receiving high praise from his supervisor in 1979. Nevertheless, his employment was terminated in December of 1981. Petitioner alleges that the termination was occasioned by remarks circulated within the department concerning his mental stability. Thus he commenced this proceeding seeking reinstatement, back pay, and damages. Special Term dismissed the petition in its entirety and denied

petitioner's motion for discovery. Special Term was correct in noting that, as a provisional employee, petitioner has no property right to a hearing prior to termination (*Board of Regents v Roth,* 408 US 564, 569; *Matter of Anonymous v Codd,* 40 NY2d 860; *Matter of Talamo v Murphy,* 38 NY2d 637; *Matter of Salvatore v Nasser,* 81 AD2d 1012), nor does he have a right to reinstatement, back pay, or damages (see *Board of Regents v Roth, supra,* n 12; *Matter of Salvatore v Nasser, supra,* p 1013). Nevertheless, the petition does state a cause of action for a destigmatization hearing (see *Board of Regents v Roth, supra; Matter of Salvatore v Nasser, supra; Matter of Horowitz v Roche,* 70 AD2d 854; *Matter of Brathwaite v Manhattan Children's Psychiatric Center,* 70 AD2d 810; *Matter of Perry v Blair,* 49 AD2d 309; *Matter of Reeves v Golar,* 45 AD2d 163), since petitioner alleges that his termination was occasioned by false remarks circulated within the department (*Codd v Velger,* 429 US 624; *Bishop v Wood,* 426 US 341), and the petition is reinstated to that extent. Moreover, Special Term should have granted petitioner's motion for discovery, by which he seeks to depose various employees of respondent and obtain memoranda circulated in the department pertaining to his fitness for the job (CPLR 408). (Appeal from judgment of Supreme Court, Erie County, Kuszynski, J. — art 78.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Boomer, JJ.