■ THOMAS F. MITCHELL, JR., Appellant-Respondent, v TOWN BOARD OF THE TOWN OF NEW WINDSOR, Respondent-Appellant. — In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of New Windsor dismissing petitioner from his position as Chief of Police of the

Town of New Windsor, petitioner appeals, by permission, from so much of an order of the Supreme Court, Orange County (Daronco, J.), dated February 9, 1983, as, upon ordering a hearing affording petitioner the opportunity to "clear his name" and in the interim, holding the issue of whether petitioner is entitled to reinstatement in abeyance, failed to direct his immediate reinstatement with all benefits retroactive to September 1, 1982. The Town Board of the Town of New Windsor cross-appeals, by permission, from so much of the same order as denied its cross motion to dismiss the proceeding. Order reversed, on the law, with costs to respondent-appellant, cross motion granted, and proceeding dismissed on the merits. The facts are undisputed. Petitioner was provisionally appointed to the position of Chief of Police of the Town of New Windsor, a competitive civil service position, on April 1, 1982. On September 1, 1982, the town board dismissed him. Before his termination, petitioner was given two opportunities to explain actions which the board had questioned. The reasons for petitioner's termination were not made public. The town board simply stated that petitioner was "incompatible" with that body. Petitioner then brought this proceeding pursuant to CPLR article 78, claiming that his termination was made in contravention of section 155 of the Town Law which provides, in relevant part: "[N]o member or members of [a town] police department shall be * * * dismissed until written charges shall have been examined, heard and investigated in such manner * * * as the [town] board * * * may prescribe. Such charges shall not be brought more than sixty days after the time when the facts upon which such charges are based are known to the town board. Any member of such police department at the time of the hearing or trial of such charges shall have the right to a public hearing and trial and to be represented by counsel; no person who shall have preferred such charges or any part of the same shall sit as judge upon such hearing or trial. Witnesses upon the trial of such charges shall testify thereto under oath." As a provisional appointee, petitioner had no property right in his position (*Matter of Braithwaite v Manhattan Children's Psychiatric Center,* 70 AD2d 810, 811; *Sirohi v Merges,* 58 AD2d 645, 646). A provisional appointee may be discharged without a hearing or good cause shown (*Sirohi v Merges, supra*). We reject petitioner's contention that the Town Law affords him more procedural protection than that afforded to any other civil service provisional appointee. The Town Law and the Civil Service Law are not mutually exclusive, but should be read together. (Opns St Comp, 1978, No. 1003 [unreported].) When section 155 of the Town Law is read in conjunction with the Civil Service Law, it becomes clear that it only applies to full-fledged "members" of a town police department, i.e., those with property rights in their positions. On this record, moreover, we find that Special Term erred in ordering a "name-clearing hearing". Liberally construing the petition, we fail to discern an allegation of dissemination (see *Matter of Braithwaite v Manhattan Children's Psychiatric Center, supra*). We do not find any indication that petitioner's " 'good name, reputation, honor, or integrity' " is at stake (see *Board of Regents v Roth,* 408 US 564, 573). Mangano, J. P., Gibbons, O'Connor and Weinstein, JJ., concur.