# (December 13, 1983)

■ In the Matter of GWENDOLYN GRAY, Appellant, v DIRECTOR, BRONX DEVELOPMENTAL SERVICES, Respondent. — Judgment, Supreme Court, Bronx County (Alfred J. Callahan, J.), entered on November 22, 1982, which denied and dismissed petitioner's petition which, *inter alia,* sought reinstatement with back pay, is affirmed, without costs. It is undisputed that when petitioner was

terminated she was a probationary employee assigned to respondent Bronx Developmental Services facility of the New York State Office of Mental Retardation and Developmental Disabilities. Her job title was mental hygiene therapy aide trainee, grade 7. The petitioner was given written notice of her termination by letter, dated February 28, 1982, which, in pertinent part, stated: "After careful consideration we feel that your performance as a probationary employee at this Center does not meet the standards which are necessary for permanent appointment to your job title." It is hornbook law that "[s]ince petitioner was still on probation, she was subject to dismissal without the necessity of filing charges and conducting a hearing if the determination to dismiss her was made in good faith" (*Matter of Matsa v Wallach,* 42 AD2d 1004, 1005, affd 34 NY2d 891). We find that this record supports the conclusion that respondent acted in good faith in discharging her. Concur — Murphy, P. J., Kupferman and Ross, JJ.

Sullivan and Carro, JJ., dissent in a memorandum by Carro, J., as follows: There is something very wrong here although the scant record makes it well-nigh impossible to describe with particularity. As a probationary employee petitioner was nonetheless entitled to a pretermination hearing where the stated reason for dismissal literally came on the heels of, and overlapped with, an allegation of patient abuse. (Compare *Matter of Horowitz v Roche,* 70 AD2d 854; *Board of Regents v Roth,* 408 US 564.) The spectre of the earlier stigmatizing charge was not dispelled by the vague assertion that she "was not terminated for patient abuse but rather for acting outside the scope of her job description by counseling a patient, a job for which she was not trained * * * nor has authority to do." Both charges stem from the same patient incident and, in fact, the New York State job description for petitioner's position unequivocally states that a mental hygiene therapy aide, working in a hospital, "counsels, talks with, and reassures patients". We recognize the great discretion vested in the administrator, especially respecting probationary employees. And had the proper due process hearing been held and a like determination made upon substantial evidence, there would be no place for judicial dispute with the choice made. (E.g., *Matter of Collins v Codd,* 38 NY2d 269.) But it is fundamentally unfair to leave petitioner with the scourge of unresolved accusations, and a perfunctory statement in an affidavit attached to the pleadings is no salve.