Meyer, J.
(dissenting). Respectfully, I dissent.
The Trial Judge noted that the agency’s records included charges[1] implying stubbornness, insubordination and obstinance entitling petitioner to a name-clearing hearing. Insubordination carries sufficient stigma to require such a hearing (Matter of Civil Serv. Employees Assn. v Wallach, 48 AD2d 923).[2] The Appellate Division held, however, that the charge had not been “publicly disclosed” and on that basis the majority now affirms.
The petition, however, notes that in future job applications to State employers the record will be automatically available and that as to non-State employers petitioner will be faced with the dilemma that if he refuses to permit the record to be released he will not be hired and if he agrees that it be released he will not be hired because of the stigmatizing charges. Respondent does not deny that *877 petitioner’s record will be made available to possible employers to whom petitioner may apply in the future.
To hold that such future dissemination is an insufficient basis for a hearing is, in my view, inconsistent with our decision in Matter of Petix v Connelie (47 NY2d 457) and with the practically unanimous authority of Federal and out-of-State cases and is not required by the Supreme Court’s decision in Codd v Velger (429 US 624).
In Petix we recognized that “an entry in a personnel record may in some circumstances so stigmatize an individual as to require a hearing even though not immediately disseminated” (47 NY2d, at pp 460-461). Codd v Velger (supra) decided no more than that “even were we to accept in its entirety the determination by the Court of Appeals that the creation and disclosure of the file report [that Velger had attempted suicide] amounted to stigmatization,” Velger was entitled to no hearing because he failed to deny the accuracy of the report (429 US, at pp 628-629).[3] Thus, it cannot be said that the Supreme Court’s use of the phrase “creates and disseminates a false and defamatory impression” rules out future dissemination. Particularly is this so when viewed in relation to the Court of Appeals decision in Codd, which noted that the report placed Velger “‘between the devil and the deep blue sea’; he loses whatever his choice. Who would employ an applicant who refused to give authorization? Who would employ one who gives authorization but whose file suggests that he made an ‘attempt’ at suicide?” (Velger v Cawley, 525 F2d 334, 336).
In my view, the correct rule is that stated by the Supreme Judicial Court of Massachusetts in Stetson v Board of Selectmen (369 Mass 755, 762), which held the employee entitled to a hearing “if those charges have been or are likely to be disseminated either to members of the public or to prospective employers.” Similar decisions are to be found in Smith v Pima County Law Enforcement Council (113 Ariz 154, 158 [employee entitled to a hearing on charges which “will undoubtedly have considerable negative influence upon any agency to which he might apply for a law enforcement position in the future”]) and in a num *878 ber of Federal cases (Ledford v Delancey, 612 F2d 883, 886 [“plaintiff does have a protected right with respect to the contents of his personnel file when that file may be the subject of inspection by prospective employers”]; Mazaleski v Treusdell, 562 F2d 701, 712 [“where the government * * * makes certain information available to prospective employers”]; Clark v Mann, 562 F2d 1104, 1116 [“where derogatory reasons for nonrenewal are incorporated into a record made available to a prospective employer or are publicly announced”]; Churchwell v United States, 545 F2d 59, 62 [“‘announced publicly or are incorporated into a record made available to prospective employers’ ”]; Cato v Collins, 539 F2d 656, 660 [same]; Buhr v Buffalo Public School Dist. No. 38, 509 F2d 1196, 1199 [same]; see McGhee v Draper, 564 F2d 902, 910, n 6 [“the danger of future disclosure damaging to employment possibilities * * * must be considered”]; Doe v United States Civ. Serv. Comm., 483 F Supp 539, 571 [“‘courts should relax the rigid publication requirement when the content of the allegedly false finding and the manner in which it is preserved creates a great potential for damaging disclosure’ ”]; Doe v Anker, 451 F Supp 241, 252, n 18, remanded without opn sub nom. Doe v Sandner, 614 F2d 1286, cert den 446 US 986 [same]; contra Green v Board of School Comrs., 716 F2d 1191,1193 [employee not entitled to relief where he can control the kind and amount of information released]).
Both logic and the great weight of authority dictate that petitioner be accorded the hearing he seeks in view of the nature of the charges, the agency’s policy with respect to disclosure and petitioner’s specific denial. I would, therefore, reverse and remand for a hearing.
Judges Jasen, Jones, Wachtler and Kaye concur; Judge Meyer dissents and votes to reverse in an opinion in which Chief Judge Cooke concurs; Judge Simons taking no part.
Order affirmed, with, costs, in a memorandum.

. “He uses poor judgment and his organization needs immediate improvement. He doesn’t adhere to set procedures. He wants to do things his way since he feels the rules and regulations are senseless, because of this he can not be depended upon to do the simplest of tasks.”

. So also does physical abusiveness (Matter of Jackson v Wallach, 48 AD2d 925) and here petitioner’s record also includes the notation that: “He has to learn to be more courtious [sic] in dealing with the public and especially with his co-workers. He has, on a couple of occasions, threatened 2 of his co-workers with bodily harm, in front of others.”

. The present petitioner has specifically denied the charges made against him.