■ In the Matter of Vivian M. Hartley, Appellant, v Human Resources Administration of the City of New York, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Human Resources Administration of the City of New York, dated March 6, 1984, which terminated the petitioner's provisional employment as an eligibility specialist, the petitioner appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), dated March 29, 1985, which denied her motion to stay the proceeding pending completion of discovery on her claims under 42 USC § 1983 and dismissed the proceeding in its entirety.

Ordered that the judgment is affirmed, with costs.

The petitioner, a provisional employee, contends that she was improperly dismissed from her position with the respondent and that the respondent subsequently failed to appoint her to another position for which she was certified as eligible on a civil service list. After the respondent answered the petition, the petitioner sought a stay of the proceeding to permit discovery on those claims in the petition which were based on 42 USC § 1983. We agree with Special Term that the petitioner failed to allege facts sufficient to show that she had a valid cause of action and find that the denial of the stay and dismissal of the proceeding were proper.

As a provisional employee, the petitioner could be dismissed without a hearing and without cause *(see, e.g., Mitchell v Town Bd.,* 97 AD2d 500; *Sirohi v Merges,* 58 AD2d 645). Although such a dismissal may be challenged on the grounds that it is contrary to law or for an impermissible purpose, the petitioner has failed to allege facts necessary to show that her dismissal was improper. The respondent submitted convincing

documentary evidence that the petitioner was dismissed due to her poor work performance.

The petitioner also failed to allege facts to establish that the respondent acted improperly in not selecting her for the new appointment. Civil Service Law § 61 gives the appointing agency the authority to select one of the three persons highest on the eligibility list, and the petitioner had no right to the appointment *(see, Matter of Cassidy v Municipal Civ. Serv. Commn.,* 37 NY2d 526; *Porto v Town/Village of Harrison,* 100 AD2d 870).

While 42 USC § 1983 provides a means to redress a deprivation of constitutional rights, whether or not the petitioner has a protected property right in her employment must be determined under State law *(see, Bishop v Wood,* 426 US 341; *Board of Regents v Roth,* 408 US 564). Under New York law, provisional employees have no property right in continued employment and can be dismissed at any time absent an impermissible purpose. The petitioner failed to allege facts to show an impermissible purpose. In addition, the petitioner had no property right with regard to the new appointment but merely an expectation of a property right *(see, Matter of Cassidy v Municipal Civ. Serv. Commn., supra).* Based on the foregoing, the petitioner's claims under 42 USC § 1983 were properly dismissed. Although the petitioner alleged a deprivation of liberty, she has not requested a name-clearing hearing *(see, Board of Regents v Roth, supra),* and has failed to allege facts sufficient to show that she is entitled to such a hearing *(see, Bishop v Wood, supra; Mitchell v Town Bd., supra).* Lawrence, J. P., Kunzeman, Kooper and Spatt, JJ., concur.