■ In the Matter of ANTHONY PARROTTA, Appellant, v ROGER PHILLIPS, as Sheriff of Orange County, et al., Respondents.—In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent Sheriff of Orange County dated June 28, 1988, which terminated the

petitioner from his position of temporary Deputy Sheriff of the Orange County Sheriff's Department, the petitioner appeals from a judgment of the Supreme Court, Orange County (Hickman, J.), dated October 25, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Contrary to the petitioner's contentions, the Supreme Court correctly determined that he had been hired as a temporary Deputy Sheriff who was not entitled to notice and an opportunity to be heard on the charges underlying the termination of his employment. Neither Local Laws, 1975, No. 4 of Orange County nor the collective bargaining agreement between the County of Orange/Sheriff of Orange County and the Orange County Deputy Sheriff's Association confers upon a temporary Deputy Sheriff the right to a pretermination hearing, and as the petitioner has conceded, he is not entitled to a hearing pursuant to Civil Service Law § 75 (see, Matter of Flaherty v Milliken, 193 NY 564; Matter of Salvatore v Nasser, 81 AD2d 1012).

Moreover, the petitioner's alleged 13 months of continuous full-time temporary service did not constitute a probationary period entitling him to the position of tenured Deputy Sheriff. The instant record reveals unequivocally that the petitioner remained a temporary employee (see, County Law § 653) whose continued temporary employment did not ripen into permanent employment (see, Matter of Montero v Lum, 68 NY2d 253; Matter of Hennessey v Farrell, 43 Misc 2d 1045, 1046, affd 19 AD2d 698; see also, Matter of Hilsenrad v Miller, 284 NY 445). Accordingly, the proceeding was properly dismissed. Kunzeman, J. P., Kooper, Sullivan and Harwood, JJ., concur.