■ In the Matter of RICHARD IRITANO, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the respondent New York City Transit Authority to reinstate the petitioner to his position as a Principal Administrative Associate III and to give him a name-clearing hearing, the petitioner appeals from a judgment of the Supreme Court, Kings County (Hutcherson, J.), dated December 19, 1989, which dismissed the petition for failure to state a cause of action and denied the petitioner a name-clearing hearing.

Ordered that the appeal from so much of the judgment as denied the petitioner a name-clearing hearing is dismissed as withdrawn; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded costs.

The petitioner, a provisional employee, brought this proceeding seeking to compel his employer, the New York City Transit Authority, to reinstate him to his former position,

together with back pay, costs, disbursements, and attorneys' fees, and to give him a name-clearing hearing. The New York City Transit Authority moved to dismiss the petition pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. The Supreme Court dismissed the petition, stating that the conduct of which the petitioner complained did not fall within the provisions of Civil Service Law § 75-b and that he was not entitled to a name-clearing hearing.

It is firmly established that provisional employees "may be [discharged] at any time without charges preferred, a statement of reasons given or a hearing held" *(Matter of Preddice v Callanan,* 69 NY2d 812, 814). Moreover, absent a violation of a constitutional or statutory provision, reinstatement is not an available remedy to the employee. The record at bar does not support the petitioner's claim of a violation of his right to freedom of expression *(cf., Connick v Myers,* 461 US 138, 142).

We note that the petitioner has, by letter, withdrawn his appeal from so much of the judgment as denied him a name-clearing hearing. Rosenblatt, J. P., Miller, O'Brien and Ritter, JJ., concur.