■ In the Matter of VINCENT GEOGHEGAN, Respondent, v CARLOS M. RIVERA, Appellant. [624 NYS2d 958] —In a proceeding pursuant to CPLR article 78, inter alia, to compel the Fire Commissioner of the City of New York to provide the petitioner with a hearing regarding the termination of his provisional employment as a Fire Protection Inspector, the Fire Commissioner of the City of New York appeals from a judgment of the Supreme Court, Kings County (Ramirez, J.), entered October 28, 1993, which, inter alia, ordered a hearing and the payment of full back pay, allowances, and benefits retroactive to the date of the hearing.

Ordered that the judgment is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed on the merits.

The petitioner was discharged from his provisional employment on August 19, 1992. Accordingly, this CPLR article 78 proceeding, which was commenced on April 12, 1993, is time-barred (see, CPLR 217). In any event, as a provisional civil service employee, the petitioner was not entitled to a hearing or a statement of reasons for his discharge (see, Civil Service Law § 75; Matter of Preddice v Callanan, 69 NY2d 812, 814; Matter of Iritano v New York City Tr. Auth., 175 AD2d 918,

919; *Matter of Romero v Joseph*, 169 AD2d 544; *Hartley v Human Resources Admin.*, 132 AD2d 699). Contrary to the petitioner's contention, Civil Service Law § 50 (4), which governs examinations and eligibility lists, has no application here. Rosenblatt, J. P., Miller, Lawrence and Florio, JJ., concur.