■ In the Matter of NITIN GULATI, Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Appellant. [658 NYS2d 894] —In a

proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority dated June 27, 1995, which, without a hearing, terminated the petitioner's employment, the appeal is from a judgment of the Supreme Court, Kings County (Barasch, J.), dated March 5, 1996, which granted the petition and reinstated the petitioner.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

After nine years of service as a provisional employee, the petitioner's employment was terminated on June 27, 1995, without a hearing. Thereafter, he initiated this CPLR article 78 proceeding arguing that he had been appointed to the permanent position of Staff Analyst and therefore was entitled to a pre-termination hearing. Contrary to the petitioner's assertions, however, the termination of his employment occurred before the permanent Staff Analyst appointments were to be made. Therefore, the petitioner was terminated as a provisional Civil Service employee and as such was not entitled to a hearing or statement of reasons for his termination *(see, Matter of Preddice v Callanan,* 69 NY2d 812, 814; *Matter of Geoghegan v Rivera,* 213 AD2d 716; *Iritano v New York City Tr. Auth.,* 175 AD2d 918, 919). Moreover, absent a violation of a constitutional or statutory provision, reinstatement is not an available remedy *(see, Iritano v New York City Tr. Auth., supra).*

The parties' remaining contentions are without merit. Miller, J. P., Altman, Goldstein and Florio, JJ., concur.