In the Matter of ANTHONY BUEHLER, Appellant, against THE BOARD OF SUPERVISORS OF RENSSELAER COUNTY et al., Respondents.

(Argued October 5, 1932; decided November 22, 1932.)

*Herbert F. Roy* for appellant. The two-year service provisions of the local law apply only to those purely

exempt positions or legislative positions as are set forth in the local statutes, and other similar positions which the Board of Supervisors may desire to create, or the earlier special acts and later general civil service act are so much in conflict that the general act, being the last expression of the legislative will, must govern, and, hence, repeal by implication the conflicting provisions of the earlier special acts. (*McVay* v. *New York*, 116 N. Y. Supp. 908; *Waters* v. *City of New York*, 43 Misc. Rep. 154; *Leet* v. *Keller*, 157 N. Y. 90; *People ex rel. Fleming* v. *Dalton*, 158 N. Y. 175; *People ex rel. Tate* v. *Dalton*, 158 N. Y. 204; *People ex rel. Reilly* v. *Hoffman*, 98 App. Div. 5; *Matter of Eisle* v. *Woodin*, 205 App. Div. 452; *People ex rel. O'Connor* v. *Brady*, 49 App. Div. 238; *Thain* v. *Constable*, 65 App. Div. 176; *Matter of Kenison* v. *White*, 220 App. Div. 247; *Matter of Phillips*, 138 App. Div. 365; 200 N. Y. 521; *Matter of Crowley* v. *Fowler*, 217 App. Div. 18; *People ex rel. Van Tine* v. *Purdy*, 221 N. Y. 399.)

*T. Stewart Hubbard* for respondent. Petitioner was appointed for a definite term and the Civil Service Law has no application after his stated term has expired. (*Matter of Tiffany*, 179 N. Y. 455; *Williams* v. *Darling*, 67 Misc. Rep. 205.)

KELLOGG, J. The petitioner, Anthony Buehler, on the 12th day of January, 1926, was appointed by the Board of Supervisors of Rensselaer county to the position of engineer and fireman in the county court house of that county. On the 14th day of January, 1930, the Board of Supervisors passed a resolution in terms reappointing him. On the 15th of January, 1932, the Board passed a resolution ostensibly appointing the respondent, John Oeffler, to the position previously held by Buehler, the petitioner. Buehler was an honorably-discharged soldier of the United States who had been engaged in the World War. If the position held by him was of a permanent

character, he could not be removed therefrom except after the presentment of charges of incompetency or misconduct and their determination against him after a hearing thereupon. (Civil Service Law [Cons. Laws, ch. 7], § 22.) In that event the appointment of Oeffler, since it involved the displacement of Buehler without charges, would have been invalid. On the other hand, if the position was for a definite term, and that term had expired on January 15, 1932, then the appointment of Oeffler on that day, since it did not involve the removal of Buehler, would have been entirely valid as a designation to fill an unoccupied office at the beginning of a new term. (*Matter of Tiffany*, 179 N. Y. 455, 458.) The court there remarked: " The Civil Service Act was not intended to prevent an office from becoming vacant by operation of law through expiration of the term fixed by statute. When his term expires the officer is not removed, for removal requires affirmative action." The question here, therefore, is this: Was Buehler's position held for a definite term, and had that term expired when Oeffler was appointed?

Chapter 217 of the Laws of 1904 is a special act which relates to the proceedings of the Board of Supervisors of Rensselaer county. The act prescribes that the Board of Supervisors of that county, at a meeting to be held on the second Tuesday of January next after the election of the supervisors, shall " organize itself by electing a chairman from among its members, and a clerk." It then provides: " Such board shall also appoint an attorney, and also a clerk to the building and supply committee of said board." It provides further: " The chairman, the clerk and all other appointees of the board shall serve for two years from the date when their appointment takes effect, and until a successor has been appointed and has duly qualified." The argument made by the appellant is that the phrase " all other appointees," contained in the provision last cited, relates to none other than the " attorney " and the " clerk to the building and supply

committee," referred to in the preceding sentence. The meaning of the phrase cannot be thus restricted for the reason that the identical provision, prescribing a two-year term for all appointees of the Board, appeared in chapter 124 of the Laws of 1901, which was amended by chapter 217 of the Laws of 1904, at which time no provision was contained in the act whereby the Board was required to appoint an attorney and a building committee clerk. No appointments having then been prescribed, but only the election of a chairman and clerk, the expression " all other appointees " must then have meant any appointees generally whom the Board might then or thereafter, in its discretion, choose to name. The same words, set in a sentence identically worded, though contained in a subsequent statute dealing with the same subject, must have had the same meaning. This would lead to the conclusion that the petitioner, on January 14, 1930, was appointed to the position of engineer and fireman for a term of two years; that on January 15, 1932, his term had expired; that Oeffler, when named on January 15, 1932, was appointed to succeed the petitioner at the beginning of a new term in the position; that the new appointment involved no removal, and was legally made.

The case of *Matter of McNeles* v. *Board of Supervisors* (173 App. Div. 411; affd., 219 N. Y. 578) does not militate against this view. In that case the appellant, on the 14th day of November, 1914, was appointed by the Board of Supervisors of Rensselaer county to a position as laborer on a free bridge, maintained by the county. In January, 1916, less than two years later, the Board appointed another person to fill the position. It was held that a removal, other than upon charges, in violation of the Civil Service Law, was involved, and that the appointment was void. It is true that Justice Cochrane, at the Appellate Division, said: " The position is in fact a permanent one. And it is doubtful whether the board

of supervisors could defeat the purposes of the Civil Service Law by the subterfuge of a temporary appointment to a permanent position." The special acts, with which we are dealing, were not mentioned in the briefs of counsel before the Appellate Division, nor were they referred to in the opinion of the court. Indeed, there was no reason why they should have been, for the removal in that case was within fourteen months of the appointment, so that even under the special acts, providing for terms limited to two years, the appointment attempted to be made involved a removal of an appointee before the expiration of his term. Doubtless, if the acts had been called to the attention of Justice COCHRANE, he would not have made the broad statement that the " position is in fact a permanent one." That he did so, when in complete ignorance of the special acts, is not surprising. The statement made, however, was not necessary to the decision and is not binding upon this court, which merely affirmed the judgment rendered, vouchsafing no opinion of its own, and giving no approval of the opinion written in the court below.

The order should be affirmed, with costs.

POUND, Ch. J., CRANE, LEHMAN, O'BRIEN and HUBBS, JJ., concur; CROUCH, J., not sitting.

Order affirmed.