■ In the Matter of LEON J. ELTERMAN, Appellant, against ANGELA R. PARISI, as Chairman of the Workmen's Compensation Board of the State of New York, et al., Respondents.— Appeal from an order of a Special Term, Supreme Court, Albany County. Petitioner held the position of Compensations Claims Referee in the Workmen's Compensation Board. He alleges he is an honorably discharged veteran of World War II; that he was removed from his position on April 23, 1958 without charges of incompetency or misconduct being made. The court at Special Term has dismissed the petition on the ground that the position of Compensation Claims Referee is an independent and not a subordinate position and hence that petitioner is not entitled to the protection of subdivision 1 of section 22 of the Civil Service Law, which requires that a veteran of the Armed Forces in World War II be not removed from his position in the civil service except for incompetency or misconduct shown after a hearing. Whether a civil service position is independent or subordinate depends on the nature of the duties, their prescription by statute, and whether a "high degree of initiative and independent judgment" is required. (*Matter of O'Day* v. *Yeager*, 308 N. Y. 580; *Matter of Mylod* v. *Graves*, 274 N. Y. 381.) The position of Compensation Claims Referee is created and its duties prescribed by statute (Workmen's Compensation Law, §§ 150, 142, subd. 3) and its duties closely approach the judicial function and require a high degree of independent judgment. It is true that the referee must follow rules and regulations of the board in the execution of his duties; but courts also are required to follow procedural rules in performing their function. The decisional work of the referee seems to us to involve a "high degree" of independent judgment within the rule laid down in *Matter of O'Day* v. *Yeager* (*supra*). We are of opinion the court at Special Term was right in dismissing the petition. It is not necessary to pass on the further argument of respondents that section 150 of the Workmen's Compensation Law, directly permits the removal of referees by the Workmen's Compensation Board free from the impact of section 22 of the Civil Service Law. Order unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ.