Thomas A. Aurelio, J.
This is an application, pursuant to article 78 of the Civil Practice Act, to review the determination of the State Rent Administrator that a portion of petitioner tenant’s six-room apartment was being used for professional purposes and was, therefore, not subject to rent control. Petitioner is a practicing physician and uses two rooms of the apartment as professional offices. The Administrator found, and the court agrees, that the residential part of the apartment is completely separable from the rooms used for professional use, that each unit has a separate entrance and separate bathroom facilities, and that each unit can be completely shut off from the other. Under such circumstances, which conform *525 to tlie requirements of Administrator’s Opinion No. 115 (formerly No. 33), the Administrator could properly decontrol the professional portion of the apartment and establish a maximum legal rent for the residential space. The courts have upheld such procedure (Matter of Spiro v. Abrams, 2 A D 2d 837; Matter of Goodwine Realty Corp. v. Abrams, 1 A D 2d 959). Petitioner’s various arguments are not persuasive. The degree of professional use made of the professional portion of the apartment is not controlling. Professional use itself is the test. Nor does the fact that petitioner’s son may sleep on a day bed at night in one of the professional rooms alter the primary professional use of the room. This is especially so where two other rooms in the residential part of the apartment similarly could be used by petitioner’s son without disturbing family harmony. That petitioner acted as his own lawyer in proceedings before the Bent Commission, can only serve to call to mind the time-honored adage about being penny-wise and pound-foolish. Despite this fact, petitioner was afforded full and sufficient notice of all proceedings and provided adequate opportunity to present evidence and to contest any adverse findings of the Bent Administrator and his inspectors. On the entire record, respondent Administrator acted neither arbitrarily, capriciously nor contrary to law, and the petition is, accordingly, dismissed.