Per Curiam.

The trial court erred in believing that it was bound, by the principle of res judicata, to adhere to certain extraneous conclusions contained in a prior decision of a related dispute between the parties. That earlier Municipal Court decision in tenant’s favor was rendered in a proceeding brought by the landlord, pursuant to section 8 of the Emergency Business Space Bent Control Law (L. 1945, ch. 314, as amd.) to recover possession of certain rent-controlled commercial premises. The Municipal Court found that the landlord had failed to satisfy a statutory requirement which was a condition precedent to recovery, namely, that the landlord, in good faith, sought to repossess the business space for his own immediate use. Difficulty was created by the Municipal Court’s further finding, which the court below felt bound to follow, that the commercial premises were so integrated with the tenant’s adjacent residential premises and that there had been such homogeneous use of the entire premises by the tenant, that his eviction from the commercial portion would necessarily amount to a total eviction.
That latter finding was clearly unnecessary to the decision and this court’s affirmance, without opinion, of the Municipal Court judgment was not an affirmance of such conclusions contained in the trial court opinion which were merely obiter dicta (Matter of Buehler v. Board of Supervisors, 260 N. Y. 268). The determination of separability of business and residential portions of the premises rested in the first instance upon the Bent Administrator (Confederated Props, v. Noseck, 2 A D 2d 383; Arbeitman v. Goldman, 10 A D 2d 874). His formal determination that the two portions were separable, which was affirmed by our Supreme Court in a subsequent article 78 proceeding (Matter of Bloom v. Temporary State Housing Rent Comm., 31 Misc 2d 524) was binding on the Municipal Court. Indeed, the effect of such order was to confer jurisdiction on that court to entertain an
*547 effective proceeding for such separated space (Confederated Props, v. Noseck, supra; Arbeitman v. Goldman, supra). Moreover, upon the basis of the physical layout of the premises, as presented in the prior Municipal Court action and as again presented herein, it cannot be said that there has been such homogeneous use of the entire premises by the tenant that his eviction from one part thereof would necessarily amount to a total eviction. It is the physical matter of the demised space, rather than the use or manner of operation by the tenant, which controls (Lincoln Bldg. Assoc, v. Zinbarg, 10 Misc 2d 130 [App. Term, 1st Dept.]).
In all events, the instant proceedings were brought not for repossession for the landlord’s own immediate occupancy but for rent in arrears and eviction for nonpayment, based upon the tenant’s refusal to pay a new higher rental for the commercial premises, set by the landlord to take effect upon the expiration of the Emergency Business Space Rent Control Law. Said expiration had the effect of decontrolling the commercial premises, and since we deem these to be separable from the residential premises, it follows that, in the absence of an existing lease, the landlord was at liberty to command whatever rental price a free market would yield.
The judgment should be reversed, with $30 costs, and final judgment directed in favor of landlord awarding it possession of the premises described in the petition together with a judgment for rent in arrears in the sum of $135, with costs and interest thereon from January 1, 1964.
Concur — Tilzer, J. P., Gold and Capozzoli, JJ.
Judgment reversed, etc.