In the Matter of ROBERT J. NOLAN et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v JAMES H. TULLY, JR., as Commissioner of the Department of Taxation and Finance of the State of New York, Respondent.

JAMES E. SPELLMAN et al., Intervenors-Respondents.

Third Department, May 27, 1976

*DeGraff, Foy, Conway & Holt-Harris (John T. DeGraff* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (William J. Kogan* and *Ruth Kessler Toch* of counsel), for respondent.

*Francis Bergan* for intervenors-respondents.

KOREMAN, P. J. This appeal is limited to those petitioners who were in positions in the noncompetitive class of the civil service as estate tax attorneys (part-time), some of whom were removed from their positions, and others who state that respondent intends to replace them in the near future. Petitioners have not been served with charges for incompetency or misconduct, nor have they been granted a hearing pursuant to section 75 of the Civil Service Law. They claim protection from summary removal under said statute, which provides as follows:

"1. Removal and other disciplinary action. A person described in paragraph (a), or paragraph (b), or paragraph (c), or paragraph (d), of this subdivision shall not be removed or otherwise subjected to any disciplinary penalty provided in this section except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this section.

"(a) A person holding a position by permanent appointment in the competitive class of the classified civil service, or

"(b) a person holding a position by permanent appointment or employment in the classified service of the state * * * who is an honorable *[sic]* discharged member of the armed forces * * * or who is an exempt volunteer fireman * * * except when a person described in this paragraph holds the position of private secretary, cashier or deputy of any official or department, or

"(c)an employee in the state service holding a position in the non-competitive class other than a position designated in the rules of the state civil service commission as confidential or requiring the performance of functions influencing policy, who since his last entry into state service has completed at least five years of continuous service in the non-competitive class in a position or positions not so designated in the rules as confidential or requiring the performance of functions influencing policy".

The five-year tenure requirement of section 75 (subd 1, par [c]) has been reduced to two years by the contract between the Civil Service Employees' Association and the State of New York for the Professional, Scientific and Technical Services Unit.

Petitioners, some of whom are veterans with service in the armed forces in time of war, contend that they may not be removed for incompetency or misconduct without notice of charges and hearing under either paragraph (b) of subdivision 1 of section 75, due to their status as veterans, or under paragraph (c) of subdivision 1, as tenured employees in the noncompetitive class not designated as confidential or requiring the performance of functions influencing policy. Based upon a long-standing judicially fashioned exception not found in the statute, Special Term concluded that petitioners were not entitled to the protection of section 75.

In addition to the exceptions afforded by the statute (Civil Service Law, § 75, subd 1, par b), excluding the positions of private secretary, cashier or deputy of an official or department from the protection against removal, we find another exception. This additional exception has been established by judicial construction of section 22 of the Civil Service Law (predecessor of section 75), which is the concept of an "independent officer" as opposed to a "subordinate" employee. The courts have held consistently that the protection of section 75 (subd 1, par [b]) was intended to apply only to those veterans holding positions of a subordinate nature, and consequently, to the list of persons specifically excluded from the protective coverage of the statute must be added those who are officials filling independent positions, who may be characterized as independent officers *(Matter of O'Day v Yeager,* 308 NY 580; *Matter of Mercer v Dowd,* 288 NY 381; *Matter of Mylod v Graves,* 274 NY 381; *People ex rel. Jacobus v Van Wyck,* 157 NY 495). While it may not always be an easy matter to determine whether the employee is an independent officer or a subordinate, that person is an independent officer whose position is created, and whose powers and duties are prescribed by statute, and who exercises a high degree of initiative and independent judgment *(Matter of O'Day v Yeager, supra,* p 586). In our view, Special Term correctly determined that the duties performed by petitioners were those of independent officers and hence not protected by section 75 *(Matter of Bass v Bragalini,* 207 Misc 1055, affd 286 App Div 944, mot for lv to

app den sub nom *Matter of McInerney v Bragalini,* 309 NY 1032).
In *Bass* we upheld the dismissal of honorably discharged
veterans, without charges or a hearing, from their positions as
Associate Attorney (estate tax) in the Tax Department, based
upon the nature of the position. While there is some variation
in title between the one there considered and the one under
consideration in the present case, the duties of the position,
not its name, determine the status of the position. The Legis-
lature did not intend that rights of tenure to a position in civil
service should be determined by the name given to the posi-
tion *(Matter of Mercer v Dowd, supra,* p 385). The duties of
the incumbents in *Bass* and of the petitioners here, both in
function and authority, and especially the independence of the
officer, are so similar as to be indistinguishable. As in *Bass,*
petitioners represent the State Tax Commission in estate and
transfer tax proceedings in their respective counties. Obvi-
ously the Tax Commission could not itself conduct each and
every one of such proceedings. The incumbent of the position
must determine whether to appear and oppose applications for
exemption and for the fixation of taxes; whether to object to
reports of appraisers; whether to permit the removal of con-
tents of safe deposit boxes. These and other decisions which
such attorneys as petitioners must make, involve the use of
discretionary powers and independent determinations to a
considerable extent. The fact that some of the duties entrusted
to them may be more or less ministerial does not affect their
status as independent officers. It is only necessary that some
sovereign power, whether great or small, be exercised in the
position *(Matter of O'Day v Yeager, supra).*

We can perceive of no valid reason why the judicially
created "independent officer" exception should not apply
equally as well to paragraph c of subdivision 1 of section 75.
While this exception arose out of cases concerning the protec-
tion of veterans under paragraph (b) of subdivision 1 the
courts were not concerned with the nature of the veteran
service but were concerned only with the kind of function
performed in the civil service employment. It is clear that the
sole basis of the development and implementation of the
judicial exception was the nature and relative independence
or subordination of the position and its incumbent.

We are not persuaded by petitioners' additional argument
that *Matter of Bass (supra),* is distinguishable for the reason
that the position there involved was in the exempt class,

whereas here it is in the noncompetitive class. By its terms, paragraph (b) of subdivision 1 of section 75 applies to "a person * * * in the classified service", which includes both the exempt and the noncompetitive class.

We observe finally that the Court of Appeals has adhered to the judicial exception to the protection of section 75 in repeated decisions dating back 80 years, and we must assume that the Legislature was aware of these decisions, and was aware in 1965, the date of the addition of paragraph (c) of subdivision 1 to section 75, that the courts had created the "independent officer" exception to paragraph (b) of subdivision 1. Nevertheless, there is a total absence of any language in the 1965 amendment to section 75 that could denude, or affect in any way this judicially created exception. In the light of this avoidance by the Legislature of any statutory language which would evince any intention to place this subdivision outside the pale of the judicially created exception, the Legislature must be deemed to have intended, by adding paragraph (c) of subdivision 1, simply to provide the protection of section 75 to another group, namely tenured noncompetitive employees, to the existing protection afforded qualified veterans and volunteer firemen. In the absence of appropriate statutory language, we cannot ascribe to the Legislature an intent that would result in affording greater protection and benefit to eligible noncompetitive employees than would be afforded to eligible veterans and volunteer firemen in the classified service of the State. Since, as Special Term properly concluded, all of the petitioners-appellants herein are "independent officers", they are not entitled to the protection of section 75 of the Civil Service Law.

The judgment should be affirmed, without costs.

SWEENEY, KANE, MAHONEY and LARKIN, JJ., concur.

Judgment affirmed, without costs.