■ In the Matter of JAMES A. GOWAN et al., On Behalf of Themselves and All Others Similarly Situated. Appellants, v JAMES H. TULLY, JR., as Commissioner of the Department of Taxation and Finance of the State of New York, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered January 13, 1977 in Albany County, which granted respondent's motion to dismiss petitioners' application, in a proceeding pursuant to CPLR article 78, seeking reinstatement of petitioners to the positions from which they were removed, and dismissed, as moot, petitioners' motion to have the proceeding treated as a class action. Judgment, Supreme Court, Albany County, entered January 13, 1977, affirmed, without costs, on the opinion of Hughes, J., at Special Term. Koreman, P. J., Mahoney, Larkin and Herlihy, JJ., concur; Sweeney, J., dissents and votes to modify in the following memorandum. Sweeney, J. (dissenting). I am unable to agree with the majority that this case should be affirmed on the opinion of Special Term. I therefore dissent and vote to modify on the following statement. Petitioners were removed from their positions as estate tax attorneys. By petition dated December 11, 1975, this article 78 proceeding was commenced, seeking reinstatement with back pay for themselves and all other estate tax attorneys similarly situated. Pursuant to an agreement between counsel, the present proceeding was held in abeyance pending the final determination of a similar proceeding entitled *Matter of Nolan v Tully* (52 AD2d 295). By court order, the *Nolan* proceeding was designated a class action on behalf of all employees holding the position of estate tax attorney who had been terminated or might be terminated before final termination of that proceeding. The original petition in the instant proceeding alleges that petitioners "were not terminated in good faith"; that they were removed "for the sole purpose of appointing successors with different political affiliations"; and that their rights under section 75 of the Civil Service Law and the contract between the State and CSEA were violated. In *Nolan* the petitioners alleged that they had been or believed they were about to be terminated from their positions in violation of their rights under section 75 of the Civil Service Law and the contract between the State and CSEA. In affirming Special Term in the *Nolan* case, this court held that petitioners were independent officers and not entitled to the protection of section 75 of the Civil Service Law *(Matter of Nolan v Tully, supra)*. The order in the *Nolan* case included the following language: "petitioners having applied in open Court upon the argument of the appeal herein for permission to amend paragraph 34 of the Petition by adding the following clause thereto, 'and is also a violation of the petitioners' rights under the Constitution of the United States and the Constitution of the State of New York' * * *, it is hereby Ordered that permission to amend the petition as above set forth is hereby granted." Petitioners' motion for leave to appeal to the Court of Appeals in *Nolan* was denied (40 NY2d 803) and the motion to dismiss the appeal granted (40 NY2d 844). Thereafter, on June 28, 1976, the United States Supreme Court decided *Elrod v Burns* (427 US 347, 373) wherein it was determined that "the practice of patronage dismissals is unconstitutional under the First and Fourteenth Amendments". Petitioners then served an amended petition alleging their dismissals were patronage dismissals in violation of their First and Fourteenth Amendment rights and moved, pursuant to CPLR article 9, for an order directing that the proceeding be designated as a class action. Respondent cross-moved for a dismissal of the petition on the ground that the proceeding was barred under the principles of *res judicata* and collateral estoppel. Pursuant to the doctrine of *res judicata,* the judgment in an action is binding not only as to those

matters actually litigated but also those that might have been litigated therein *(Israel v Wood Dolson Co.,* 1 NY2d 116). When two causes of action are involved, however, and the causes of action are different in the rights and interests affected, the estoppel is limited to issues actually determined *(Smith v Kirkpatrick,* 305 NY 66; *Schuylkill Fuel Corp. v Nieberg Realty Corp.,* 250 NY 304). The various criteria used in determining whether the causes of action are the same have been stated to include "whether a different judgment in the second action would destroy or impair rights or interests established by the first action, whether the same evidence is necessary to maintain the second cause of action as was required in the first and whether the essential facts and issues are present in both causes of action [citations omitted]." *(Stoner v Culligan, Inc.,* 32 AD2d 170, 172.) Applying this test in the instant case leads me to the conclusion that the cause of action herein is different from that in the *Nolan* case, and therefore, appellants are only precluded from litigating issues which were actually determined in *Nolan.* Even if I were to conclude that the causes of action are the same, it is my opinion that under the present circumstances the doctrine of *res judicata* should only apply to matters actually litigated in *Nolan* (see *Murphy v Erie County,* 28 NY2d 80). It is evident also that under the doctrine of collateral estoppel, a party is only estopped from litigating an action *(Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65). The issue, therefore, narrows to an examination of whether or not the constitutionality of the dismissals under the First and Fourteenth Amendments was actually determined in the *Nolan* case. A reading of *Nolan* clearly demonstrates to me that the case was considered and decided solely on the protection section 75 of the Civil Service Law afforded the petitioners. In the first paragraph the court stated that "They [petitioners] claim protection from summary removal under said statute (Civil Service Law, § 75)", and the court concluded by stating that petitioners were not entitled to the protection of section 75 of the Civil Service Law *(Matter of Nolan v Tully, supra).* It is also significant that the Court of Appeals, in dismissing the appeal, noted that "no substantial constitutional issue [was] directly involved" *(Matter of Nolan v Tully,* 40 NY2d 844, *supra).* The only constitutional question actually argued or considered in the *Nolan* case concerned denial of due process. It is my opinion, therefore, that in spite of the amendment of the petition in *Nolan,* the issue concerning the constitutionality of the dismissals under the First and Fourteenth Amendments was never raised, considered or decided in *Nolan.* Consequently, this proceeding is not barred under the principles of *res judicata* or collateral estoppel and should not have been dismissed on those grounds. As to the propriety of a class action in this proceeding, it is my view that individual determinations would have to be made in each case in order to determine whether a dismissal was made for political reasons, if *Elrod v Burns (supra)* is found applicable, and therefore, class action status should be denied (see *Matter of Jones v Carey,* 55 AD2d 260).