■ In the Matter of ALFRED BERG, Respondent, v GEORGE S. GERBER, as Supervisor of the Town of Clarkstown, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to compel the reinstatement of petitioner-respondent to his position of town engineer, with back pay, the appeal is from a judgment of the Supreme Court, Rockland County, dated March 31, 1977, which granted the application. Judgment reversed, on the law, without costs or disbursements, and proceeding remanded to Special Term for the purpose of conducting an evidentiary hearing consistent herewith with regard to the nature of petitioner's appointment. Petitioner received a provisional appointment to the position of town engineer effective as of June 1, 1968. After taking a competitive examination, petitioner was again appointed to the position of town engineer as of February 28, 1969. The forms used in appointing petitioner indicate that the appointment was "permanent" and spaces provided in the forms for indicating when the term of office was to end were left blank. Section 24 of the Town Law provides, however, that "the town engineer * * * whenever appointed, shall hold their respective offices until the first day of January next succeeding the first biennial town election held after the time of their appointment." Despite subsequent elections, petitioner continued in his position. In a contract entered into between the bargaining unit representing petitioner and the appellant Town of Clarkstown on March 23, 1976, petitioner was specifically listed and his salary set forth for the years 1975 to 1977. By letter dated January 3, 1977 petitioner was informed that a new appointment to fill the position of town engineer had been made as of December 31, 1976. This was apparently the result of an economy effort instituted by the appellants. Petitioner has challenged the dismissal, arguing that he is a permanent civil service employee subject to dismissal solely pursuant to section 75 of the Civil Service Law. Appellants argue that petitioner's appointment was for the definite period set forth in section 24 of the Town Law and that thereafter he was simply a holdover employee pursuant to section 5 of the Public Officers Law, subject to replacement at any time after his initial appointment expired. Without conducting an evidentiary hearing, Special Term found that petitioner had been improperly discharged. Great emphasis was placed upon the documentary evidence covering petitioner's appointment and upon the philosophy that civil service positions are to be filled on the basis of merit and not on the basis of a "spoils" system. Special Term concluded that insofar as section 24 of the Town Law was inconsistent with section 75 of the Civil Service Law it must be disregarded because its enactment antedated that of the Civil Service Law. At the outset we note that there is no support in the record for a charge that appellants' actions were motivated by anything other than a sincere desire to economize. As such, the reliance upon the importance of having a civil service system based upon merit was misplaced. It was further error to conclude that section 24 of the Town Law and the Civil

Service Law were in conflict. As stated in *Matter of Board of Educ. v Allen* (6 NY2d 127, 141-142): "Generally speaking, a statute is not deemed to repeal an earlier one without express words of repeal, unless the two are in such conflict that both cannot be given effect. If by any fair construction a reasonable field of operation can be found for two statutes, that construction should be adopted (see McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 391, and the numerous cases cited therein)." It is entirely practicable to select an appointee after a competitive civil service examination whether the term of office is for a fixed period or an indefinite one *(Matter of Phillips v Milliken,* 139 App Div 365, affd 200 NY 521; *Matter of O'Keefe v Clark,* 238 App Div 175). It is possible that petitioner was selected to serve for a fixed period of time despite his appointment subsequent to the taking of a competitive civil service examination, and if in fact he was appointed pursuant to the provisions of section 24 of the Town Law, he was subject to discharge as a holdover pursuant to section 5 of the Public Officers Law (see *Matter of Buehler v Board of Supervisors of Rensselaer County,* 260 NY 268). On this bare record we cannot determine the nature of petitioner's appointment. The forms in his personnel file seem to indicate that his appointment was for an indeterminate period, but appellants have submitted affidavits urging that the intention of the parties was to make the appointment for a fixed period pursuant to the mandate provided by section 24 of the Town Law. If in fact petitioner was appointed for a fixed term, further questions arise as to how his holdover status was affected by the lengthy period of inactivity of appellants which followed the biennial elections and as to whether the specific inclusion of petitioner's name in the collective bargaining agreement covering the years 1975-1977 was intended to serve as a reappointment for that time period. A remand is required so that an evidentiary hearing may be conducted at which the parties can introduce all evidence relevant to the factual questions presented. Hopkins, J. P., Margett, Damiani and O'Connor, JJ., concur.