■ In the Matter of ALFRED BERG, Appellant-Respondent, v GEORGE S. GERBER, as Supervisor of the Town of Clarkstown, et al., Respondents-Appellants. — In a proceeding pursuant to CPLR article 78 to compel the reinstatement of petitioner to the position of Town Engineer of the Town of Clarkstown, the parties cross-appeal from a judgment of the Supreme Court, Rockland County, dated November 23, 1979, which, after a nonjury trial, denied petitioner reinstatement but directed that he be paid his salary for the calendar year 1977, less any moneys he may have received through other employment, unemployment benefits, etc. Judgment reversed, on the law and on the facts, without costs or disbursements, and proceeding dismissed on the merits. It was error for the trial court to award petitioner salary for one year while at the same time finding that he had no right to reinstatement as a permanent civil service employee, which he claimed to be. This matter was once before presented to us and at that time we directed that a hearing be held to clarify the nature of petitioner's appointment (*Matter of Berg v Gerber,* 59 AD2d 906). It is clear, now that such hearing has been held, that petitioner was appointed pursuant to sections 20 and 24 of the Town Law for the term of years therein prescribed. Since he was not reappointed when his initial term expired, he served thereafter at the will of the respondents-appellants pursuant to section 5 of the Public Officers Law, without the protections accorded by section 75 of the Civil Service Law. There has been no proof offered that his appointment was intended to be otherwise or that any change in the manner or import of the appointment was adopted by resolution of the town board. Furthermore, it is doubtful that had such a resolution been adopted, it could have legally altered the term for this office prescribed by the Town Law (see *Matter of Sullivan v Taylor,* 279 NY 364, 369-370; cf. Municipal Home Rule Law, § 10, subd 1, par [ii], cl a, subcl [1]; and cl d, subcl [3] [we note the latter subclause was adopted subsequent to petitioner's appointment and, therefore, has no bearing on this case]). While it is true that the petitioner's name was specifically listed in a collective bargaining agreement which was to be in effect until December 31, 1977, one year beyond his termination date, the trial court erred in holding that he had a right to believe that his employment would be continued to such date. The agreement herein speaks of the conditions of employment and not of employment itself. It was merely a fact recited therein that petitioner occupied his position at the time the agreement was drawn and signed. No greater significance may be given to this fact and such agreement could not alter the petitioner's statutory term of office (see *Matter of Hansell v City of Long Beach,* 61 AD2d 84, 89). Accordingly, the award of salary for 1977 was improper. Titone, J. P., Gibbons, Margett and O'Connor, JJ., concur.