OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
*856 If, as was concluded at the Appellate Division, the provisions of section 24 of the Town Law are controlling, the affirmance should be for the reasons stated by that court. If, on the other hand, as appellant contends in our court, the provisions of article 3-A, and in particular title 4 thereof, are controlling, there should also be an affirmance.
In our court petitioner points-to the fact that the town has both stipulated and admitted, by failing to deny the allegation of paragraph 3 of the petition, that the Town of Clarkstown is a suburban town and argues that petitioner’s term of office was governed not by section 24 of the Town Law but by section 53-c of the law fixing the term of office of the head of a department of a suburban town. The latter section may cover petitioner since his attorney conceded of record, and the Trial Judge found, that petitioner was head of the town’s engineering department. The result is, however, the same whether section 24 or section 53-c be applied.
The term of office fixed by the two sections is essentially the same. However, section 53-c makes appointees subject to its provisions “removable at the pleasure of the town board unless otherwise provided by local law”, and section 53-a places department heads of suburban towns “in the unclassified service.” Because a person in the unclassified civil service is not protected by section 75 of the Civil Service Law against dismissal without a hearing or for other than misconduct or incompetency (Matter of Glazer v Hankin, 50 AD2d 924, app on constitutional ground dsmd 39 NY2d 743), petitioner would not be helped by application of section 53-c rather than section 24.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order affirmed, with costs, in a memorandum.