■ In the Matter of PASQUALE J. CURCIO, Appellant, v ARTHUR G. PITTS, as Supervisor of the Town of Babylon, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Babylon dated January 7, 1988, which, *inter alia,* removed the petitioner as Chairman of the Zoning Board of Appeals of the Town of Babylon, designated another member of the Zoning Board of Appeals as Chairman and reduced the petitioner's salary, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated March 29, 1988, which confirmed the determination and dismissed his petition.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner was appointed a member of the Zoning Board of Appeals of the Town of Babylon (hereinafter Zoning Board) on September 2, 1969. By resolution dated August 21, 1984, he was appointed Chairman of the Zoning Board at an annual salary of $7,008 and, on January 6, 1987, he was reappointed Chairman at a salary level of $13,375. Due to a change in the composition of the Town Board of the Town of Babylon, by resolution dated January 7, 1988, the petitioner was removed as Chairman but retained as a member of the Zoning Board with an annual compensation of $6,000. On appeal, the petitioner argues that his demotion from Chairman to Member was impermissible and that he could only have been removed from his position following a public hearing and for cause. We disagree.

Town Law § 267 (1) states that a town board "shall appoint a board of appeals consisting of five members, shall designate its chairman and may also provide for compensation to be paid to said members". The statute additionally provides that any member may be removed by the town board for cause and after a public hearing. However, the statute is silent both as to the procedure for the removal of the chairman and as to the length of his or her term (cf., Village Law § 7-712). Town Law § 24 sets forth the terms of office for "elective officers" and states that "All other appointed officers and employees shall hold their respective offices and positions at the pleasure of the town board, except as otherwise provided by law". Since no term is otherwise provided by law, it is apparent that the petitioner held his position as Chairman at the pleasure of the respondents and that his removal as Chairman was within the respondents' power, as was the reduction of his salary. Brown, J. P., Eiber, Sullivan and Harwood, JJ., concur.