Kenneth E. Powell, Esq. Informal Opinion Village Attorney No. 95-48 Village of Rye Brook 14 North Broadway Tarrytown, N Y 10591
Dear Mr. Powell:
You have asked whether the Village of Rye Brook may establish a term of office for the office of chief of police, notwithstanding that the office has been placed in the competitive class of the civil service. You are aware of the Attorney General's Formal Opinion No. 93-6, concluding that a municipality may not impose a term of office on a position in the competitive class of the civil service. You do not request a reconsideration of that conclusion but inquire whether the scope of that opinion would include a department head serving in an executive capacity in high public office. Specifically, your inquiry deals with the chief of police, who in your village manages a 24-officer police department representing approximately one-half of the village's work force and approximately one-half of the annual village budget.
In Formal Opinion No. 93-6, we distinguished between competitive positions with terms of office established by "State" law and those with terms of office established "locally". Decisions cited in the opinion found that positions with terms of office established by State law constitutionally must be placed in the competitive class if examination of qualifications through merit and fitness is practicable. These cases also determined that there is no inevitable conflict between the terms of office and placement in the competitive class. The decisions reasoned that the requirements for competitive class appointments could be applied to the positions during the designated term. Our opinion emphasizes, however, that these decisions dealt with positions with terms of office created by State law or by State established charters. The courts reconciled two Statelaws. A statute establishing a term of office was reconciled with provisions of the Civil Service Law governing competitive appointments.
The question as to whether a local government may establish terms for positions in the competitive class invokes different legal issues involving the extent to which home rule powers are restricted by provisions of State law set forth in the Civil Service Law and Rules.
Formal Opinion No. 93-6 cites the broad power of local governments to enact local laws dealing with the powers, duties, qualifications, number, mode of selection and removal, and terms of office of local government officers and employees. Local laws, however, are required to be consistent with the provisions of the Constitution and general State laws. The opinion finds that the Civil Service Law is a general State law and, therefore, a local law establishing terms of office for positions in the competitive class must be consistent with its provisions. The opinion reasons that
 [i]f that position is placed in the competitive class, service by incumbents who have received permanent appointment is continuous. Clearly, this was the intent of the Legislature in providing for appointments based on merit and fitness and prohibiting arbitrary removal.
Formal Opinion No. 93-6 concludes that a local law setting forth a term of office for a position in the competitive class is inconsistent with these concepts derived from provisions of the Civil Service Law governing competitive appointments. Unlike two State statutes which, under principles of statutory construction must be reconciled if possible, local laws must be entirely consistent with general State laws. Formal Opinion No. 93-6.
You have suggested that a municipality is authorized by local law to establish terms of office for high-level executive positions which have been classified as competitive. We have reviewed the arguments and cases cited in your letter and find no basis for a distinction. First, you citeRoth v Cuevas, 82 N.Y.2d 791 (1993), holding that there is authority for a local law establishing limits on the number of consecutive terms that may be served by occupants of the offices of mayor, comptroller, city council member, public advocate and borough president in the City of New York. This case is not relevant in that it deals with elected positions which are not in the classified service.
You also have cited cases holding that placement of a position in the competitive class is not inconsistent with the position's term of office. These cases, however, also cited in Formal Opinion No. 93-6 and discussed above, deal with terms of office established by State, rather than locallaw. Matter of Phillips, 139 App. Div. 365 (3d Dept), affd,200 N.Y. 521 (1910); Berg v Gerber, 59 A.D.2d 906 (2d Dept 1977). There, the courts followed accepted principles of statutory construction and reconciled two State statutes.
You have cited a line of cases standing for the proposition that an independent officer who exercises a high degree of initiative and independent judgment may be removed without a hearing under section75 of the Civil Service Law. The cases you have cited, however, do not deal with positions in the competitive class but rather with veterans (Matter of O'Day v Yeager, 308 N.Y. 580 [1955]); veterans and individuals in the non-competitive class (Matter of Nolan v Tully,52 A.D.2d 295 [3d Dept 1976]); and with an officer not in the classified service where the issue was whether a dismissal was based on patronage or the need to ensure that policies which the electorate has sanctioned are effectively implemented (Matter of Gallagher v Griffin, 93 Misc.2d 174
[Sup Ct Erie Co 1978]). The rationale of these decisions does not extend to individuals classified in the competitive class of the civil service.Matter of O'Day, supra; Matter of Nolan, supra.
Finally, your reference to section 76(4) of the Civil Service Law as a limitation on tenure of persons in the competitive class and, therefore, a signal that locally established terms of office for competitive positions are authorized, is not convincing. Section 76(4) preserves pre-existing State, local or charter laws relating to removal or suspension of persons in the competitive class and authorizes the replacement of the procedure for discipline in sections 75 and 76 with procedures developed through collective bargaining. Thus, section 76(4) only establishes that discipline under sections 75 and 76 is not exclusive. Nor does section 5711-q of the Unconsolidated Laws, which applies to police departments in Westchester County, erode the tenure of persons in the competitive class of the civil service. That provision makes it clear that no member of a police force may be fined, reprimanded or dismissed except upon written charges with an opportunity to be heard. Unconsolidated Laws § 5711-q(9). Like section 76(4), it preserves other applicable disciplinary procedures. See, id., § 5711-p.
We conclude that a municipality is unauthorized to establish a term for an office in the competitive class of the civil service. This principle applies to a chief of police serving as the executive head of a municipality's police department, so long
s that position is classified competitive.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions