In the Matter of Scott S. Oakley, Appellant, v New York State Crime Victims Board et al., Respondents. [665 NYS2d 463] —White, J. Appeal from a judgment of the Supreme Court (Keegan, J.), entered August 8, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, direct respondents to reinstate petitioner to his prior employment.

In 1991, petitioner, an honorably discharged Vietnam-era veteran, received a permanent appointment to the position of counsel to respondent New York State Crime Victims Board. He remained in that position until September 5, 1995 when the Board's chairperson, respondent Gennaro A. Fischetti, summarily terminated him. Petitioner challenged his termination in this CPLR article 78 proceeding wherein he alleges, *inter alia*, that he was denied the rights afforded him by Civil Service Law § 75 (1) (b). Supreme Court dismissed the petition, finding that petitioner was not protected by the aforesaid statute as he was an independent officer. Petitioner appeals.

Civil Service Law § 75 (1) (b) provides certain veterans with limited tenure by restricting the reasons for terminating them to incompetence or misconduct and expressly granting them a right to a hearing. The statute does not, however, afford protection to those who hold the position of private secretary, cashier

or deputy of any official or department. By judicial construction, the list of excluded positions has been expanded to include independent officers (*see, Matter of O'Day v Yeager*, 308 NY 580, 585; *Matter of Mylod v Graves*, 274 NY 381, 384). Whether a civil service position is independent depends upon the nature of the duties, their prescription by statute and whether a high degree of initiative and independent judgment is required (*see, Matter of Nolan v Tully*, 52 AD2d 295, 297, *lv denied* 40 NY2d 803, *appeal dismissed*, 40 NY2d 844; *Matter of Elterman v Parisi*, 7 AD2d 771). In this instance, petitioner's position was created by statute but the scope of his duties was left to the Board to prescribe (Executive Law § 623 [2]). The fact that petitioner's duties were not statutorily defined does not end our inquiry since that is not the *sine qua non* of whether a civil service position is independent, but only a guide (*see, Matter of O'Day v Yeager, supra*, at 586).

As described by petitioner, his duties included the supervision and direction of the counsel's office, the provision of legal assistance and advice to the Board, coordinating the agency's response to its legal and administrative responsibilities in the administration of the Son of Sam Law, developing, formulating and finalizing the adoption of rules and regulations, coordinating with the Attorney-General the handling of litigation in which the Board, its officers and employees were parties, and developing and formulating policies and programs promoting the rights and interests of crime victims. All of these duties and responsibilities require a high degree of initiative and independent thought and judgment. The overarching and decisive factor is that a counsel to a State agency must have the agency's full trust and confidence as he or she occupies a policy-making position that shapes and guides the agency's agenda and actions. Weighing these factors, we conclude that petitioner was not a subordinate employee but rather an independent officer for whom Civil Service Law § 75 (1) (b) offered no protection. We note that although petitioner performed ministerial tasks and was required to follow the Board's rules and regulations, that does not affect our determination (*see, Matter of Nolan v Tully, supra*, at 298; *Matter of Elterman v Parisi, supra*). Accordingly, Supreme Court properly dismissed his first cause of action.

Petitioner's remaining causes of action may be easily disposed of. His claim that Fischetti had no authority to terminate him is vitiated by the Board's ratification of Fischetti's action. We have examined former Governor Mario Cuomo's Executive Order No. 6 (9 NYCRR 4.6) and the Board's Affirma-

tive Action Plan and find nothing therein impinging upon the Board's authority to terminate petitioner's employment. Finally, as petitioner has not addressed the dismissal of his cause of action founded upon 42 USC § 1983, we deem this claim abandoned (*see, Gibeault v Home Ins. Co.*, 221 AD2d 826, 827, n 2).

For these reasons, we affirm Supreme Court's judgment.

Cardona, P. J., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.