■ In the Matter of KENNETH F. WHEELER, Appellant, v COUNTY OF WASHINGTON, Respondent. [686 NYS2d 531] —Graffeo, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered December 19, 1997 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent reclassifying petitioner's job classification to unclassified and terminating him from his position.

---

Respondent initially appointed petitioner to the position of Superintendent of Highways for a four-year term in 1987 and petitioner was reappointed to an additional four-year term, beginning on January 1, 1993. In 1991 his job title was changed to Superintendent of Public Works. At the conclusion of his term on December 31, 1996, petitioner was not reappointed but remained as Superintendent until a successor was appointed by the Board of Supervisors on February 3, 1997. Petitioner commenced this CPLR article 78 proceeding seeking reinstatement based on unlawful termination. Respondent thereafter moved to dismiss and Supreme Court granted the motion and dismissed the petition. Petitioner now appeals.

Pursuant to Highway Law § 100, a county Superintendent of Highways is appointed for a four-year term and may be removed from office for malfeasance or misfeasance before expiration of the term. It is undisputed that petitioner's most recent term of office as Superintendent of Public Works commenced on January 1, 1993 and expired on December 31, 1996. Petitioner contends, however, that his position was wrongfully reclassified in 1996 from competitive to "unclassified" or noncompetitive status and that his position did not meet the requirements for "unclassified" status pursuant to Civil Service Law § 42 (1). Relying on his permanent, competitive status, petitioner claims that civil service statutory removal protections prevented his dismissal.

The issue presented to this Court is whether the rights afforded a permanent, competitive employee under Civil Service Law § 75 extended to petitioner after the expiration of his term of office. Contrary to petitioner's contention, he was not terminated or removed from office but rather, his four-year term pursuant to Highway Law § 100 merely expired. Since petitioner was not reappointed and his successor had not yet been chosen, the position became vacant at the expiration of his term on December 31, 1996. However, until his successor took office in February 1996, petitioner was a holdover and an at-will employee (*see,* Public Officers Law § 5; *see also, Matter of Ause v Regan,* 59 AD2d 317). We conclude, therefore, that Civil Service Law § 75 was inapplicable and as such, petitioner was not entitled to a review of respondent's decision not to reappoint him after completion of his term (*see, Matter of Ause v Regan, supra,* at 321-323; *cf., Matter of Berg v Gerber,* 59 AD2d 906, *appeal after remand* 78 AD2d 888, *affd* 54 NY2d 854). The issue of whether petitioner's position was wrongfully reclassified is irrelevant since petitioner was not subject to removal prior to the expiration of his term of office.

Cardona, P. J., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.