■ In the Matter of the Claim of HOWARD A. FROMER, Appellant. COMMISSIONER OF LABOR, Respondent. [730 NYS2d 365] —Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 17, 2000, which ruled that claimant was ineligible to receive unemployment insurance benefits.

Claimant was employed as general counsel by the State Energy Office from October 1988 through March 31, 1995, when the agency was abolished and claimant's employment was terminated. The Unemployment Insurance Appeal Board ultimately ruled claimant ineligible for unemployment insurance benefits on the ground that his service in a major nontenured policymaking or advisory position was statutorily excluded as employment for the purpose of qualifying for benefits (see, Labor Law § 565 [2] [e]). On claimant's appeal, this Court concluded that the Board's interpretation of the statutory exclusion was rational, but the matter was remitted for the Board to consider claimant's argument that, as a veteran, he was entitled to the limited tenure protection afforded by Civil Service Law § 75 (1) (b) (268 AD2d 707). The Board thereafter concluded that claimant was an independent officer and, therefore, was not entitled to the statutory limited tenure. Claimant appeals from the denial of his claim for benefits.

The protection afforded by Civil Service Law § 75 (1) (b) does not extend to those who hold "the position of private secretary, cashier or deputy of any official or department," a statutory list which has been judicially interpreted to include independent officers (see, Matter of O'Day v Yeager, 308 NY 580, 585; Matter of Oakley v New York State Crime Victims Bd., 245 AD2d 761). In determining whether a particular person is an independent officer, "[n]o automatic rule, no definitive signpost, is at hand, for it may fairly be said that each case must be decided upon its own facts" (Matter of O'Day v Yeager, supra, at 586). Accordingly, we reject claimant's contention that the absence of a statutory provision creating the position of general counsel for the Energy Office precluded the Board from finding that he was an independent officer. Creation of the office by statute is a guide and not the sine qua non of whether a civil service position is independent (see, Matter of Oakley v New York State Crime Victims Bd., supra, at 762). The record demonstrates that claimant's position in the organization of the Energy Office was not that of a subordinate employee and that all of his duties and responsibilities required a high degree of initiative and independent thought and judgment. Accordingly, there is

a rational basis for the Board's conclusion that claimant was an independent officer (*see, id.*). We have considered claimant's remaining argument and find it insufficient to warrant further discussion.

Cardona, P. J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.