■ In the Matter of MICHAEL DiBATTISTA, Appellant, v PATRICK McDONOUGH, as Town Supervisor of the Town of Rosendale, et al., Respondents. [914 NYS2d 453]—

Garry, J. Appeal from a judgment of the Supreme Court (O'Connor, J.), entered January 8, 2010 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Town

Supervisor terminating petitioner's employment as Chief of Police of the Town of Rosendale.

In March 2006, petitioner was hired as the Chief of Police for respondent Town of Rosendale in Ulster County. In January 2009, he was notified by respondent Patrick McDonough, the Town Supervisor, that he had not been reappointed to the position at the annual organizational meeting of respondent Town Board of the Town of Rosendale earlier that month and, accordingly, that he was terminated from the position. Petitioner commenced this CPLR article 78 proceeding seeking to be reinstated as Chief of Police together with back pay, longevity pay and compensatory time. Supreme Court dismissed the petition, and petitioner appeals.

Petitioner contends that, as an honorably discharged veteran of the armed services, he should not have been discharged without a hearing. Supreme Court determined that petitioner was not entitled to statutory protection because he did not hold his position as Chief of Police "by permanent appointment" (Civil Service Law § 75 [1] [b]). We agree and affirm.

Town of Rosendale Code § 16-3 provides that the Chief of Police "shall be appointed annually on January 1 of each year" and his or her term shall continue "until he [or she] is reappointed or succeeded." The record is unclear as to whether petitioner was ever reappointed to the position after his initial appointment in March 2006; he contends that he was not, while respondents contend that he was reappointed annually through December 31, 2008. In either case, the annual term of his office had expired in January 2009, when the Town Board voted not to reappoint him. At that time, petitioner no longer held the status of an appointed official with tenure for a limited term; instead, he held his position as a holdover and was an at-will employee not entitled to the protections of Civil Service Law § 75 (see Matter of Wheeler v County of Washington, 259 AD2d 902, 903 [1999]; Matter of Ause v Regan, 59 AD2d 317, 322-323 [1977]).

Petitioner was further excluded from the protection of Civil Service Law § 75 because his position as Chief of Police was independent in nature. Civil Service Law § 75 (1) (b) was intended to apply only to veterans in subordinate positions and does not include those who "may be characterized as independent officers" (Matter of Nolan v Tully, 52 AD2d 295, 297 [1976], lv denied 40 NY2d 803 [1976], appeal dismissed 40 NY2d 844 [1976]; see Matter of Mylod v Graves, 274 NY 381, 384 [1937]). Whether a position is independent depends upon "whether a high degree of initiative and independent judgment is required"

(*Matter of Oakley v New York State Crime Victims Bd.*, 245 AD2d 761, 762 [1997]) and whether the "position is created, and [its] powers and duties are prescribed, by statute" (*Matter of O'Day v Yeager*, 308 NY 580, 586 [1955]; *see Matter of Nolan v Tully*, 52 AD2d at 297). The position of Chief of Police is statutorily established by Town of Rosendale Code § 16-3, which prescribes duties that include planning and implementing all law enforcement responsibilities conferred by law, maintaining police records, preparing an annual budget, reporting at least twice a year to the Board of Police Commissioners, and serving as the police department's chief financial officer and as custodian of all police property. As amplified by the job description, the Chief of Police exercises discretion and judgment in department operations with duties that include supervising subordinate officers, formulating departmental rules and regulations, and handling departmental investigations and discipline. Thus, the position clearly requires independent judgment and initiative. The requirement for petitioner to report to the Board of Police Commissioners and to work under its general supervision does not alter the analysis (*see Matter of Oakley v New York State Crime Victims Bd.*, 245 AD2d at 762; *Matter of Elterman v Parisi*, 7 AD2d 771 [1958]); on the contrary, the fact that petitioner was required to report only twice a year confirms the high degree of judgment he was required to exercise and the independent nature of his position.

Petitioner further contends that, as a member of the Town of Rosendale Police Department, he had the right to a pretermination hearing under Town Law § 155, which affords a public hearing before imposition of discipline upon a member. Since both Town Law § 155 and Civil Service Law § 75 relate to the discipline of civil service employees, they are in pari materia and are to be read in conjunction so that they complement one another (*see Mitchell v Town Bd. of Town of New Windsor*, 97 AD2d 500, 501 [1983]; *cf. Matter of Colao v Village of Ellenville*, 223 AD2d 792, 794 [1996], *lv dismissed and denied* 87 NY2d 1041 [1996]). When so read, it is apparent that Town Law § 155 only applies to police department members who, unlike petitioner, hold permanent appointments. Lacking a property interest in the position, petitioner was not entitled to the protection of Town Law § 155 (*see Mitchell v Town Bd. of Town of New Windsor*, 97 AD2d at 501).*

Finally, petitioner claims that, even if he is not reinstated, he

---

* Petitioner contends that respondents acknowledged that his position was permanent as the answer included a general admission to the petition's allegation that he was hired "by permanent appointment." However, his claims

is entitled to payment of accrued compensatory time, longevity pay, and other unspecified benefits of employment. A petition in a CPLR article 78 proceeding must provide notice of "the material elements of each cause of action or defense" (*Matter of Oliver v Donovan*, 32 AD2d 1036, 1037 [1969]; *see* CPLR 3013, 7804 [d]). The petition demanded payment of these amounts "together with" reinstatement, but petitioner made no claim for payment absent reinstatement until his second reply affidavit in response to respondents' surreply. Even then, petitioner articulated no basis for the claim; respondents had no opportunity to refute it, and Supreme Court did not address it. Accordingly, the claim is not properly before this Court (*see Matter of Falk v Village of Scarsdale Zoning Bd. of Appeals*, 254 AD2d 358 [1998]; *see also Matter of Crawmer v Mills*, 239 AD2d 844, 844-845 [1997], *appeal dismissed* 90 NY2d 934 [1997], *lv denied* 91 NY2d 804 [1997]).

Spain, J.P., Lahtinen and Stein, JJ., concur. Ordered that the judgment is affirmed, without costs.

 ---

under Town Law § 155 were raised after the answer was filed. Further, the nature and term of the position were legislatively established by the Town Code and could not be altered by respondents' statements or admissions.