Phillips v Town of Glenville (2018 NY Slip Op 02702)





Phillips v Town of Glenville


2018 NY Slip Op 02702


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

525387

[*1]GEORGE J. PHILLIPS, Appellant,
v
TOWN OF GLENVILLE et al., Respondents.

Calendar Date: February 23, 2018

Before: Garry, P.J., Egan Jr., Lynch, Rumsey and Pritzker, JJ.


Eric J. Dickson, Schenectady, for appellant.
Roemer Wallens Gold & Mineaux LLP, Albany (Michael R. Cuevas of counsel), for respondents.


Egan Jr., J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Buchanan, J.), entered October 18, 2016 in Schenectady County, which, among other things, granted defendants' cross motion for summary judgment dismissing the complaint.
In 2001, plaintiff was appointed to the office of Comptroller for defendant Town of Glenville. Plaintiff thereafter received several reappointments to the position, the last of which was in January 2008 for a biennial term ending on December 31, 2009. In January 2010, plaintiff was notified that he would not be reappointed to the office of Comptroller, but that he could continue on as Acting Comptroller pending the appointment of his successor by defendant Town Board of the Town
of Glenville [FN1]. Subsequently, at a December 2012 Town Board meeting, the Town Board authorized defendant Christopher Koetzle, as Supervisor for the Town, to terminate plaintiff's employment, effective December 31, 2012. Koetzle met with plaintiff on December 28, 2012 [*2]and advised him that his employment was being terminated as of December 31, 2012 and, later that same day, plaintiff was provided a letter from the Town confirming his termination. Despite his termination, plaintiff submitted an email to the Town's Deputy Supervisor on December 31, 2012 indicating his intent to resign and requesting payment for certain accrued sick time. Two days later, he submitted a notarized letter to the Town Clerk, resigning from his office with the Town.
When no resolution to the dispute over his accrued benefits was subsequently forthcoming, plaintiff commenced this action alleging, among other things, that his termination from employment was without legal effect as it was contrary to law, improper and taken in bad faith and, based on his subsequent resignation, he is entitled to recover his accrued sick time, personal time, vacation time and salary, including longevity, through January 2, 2013 because, by operation of law, he continued in the office of Comptroller as a hold over pending the appointment of his successor (see Public Officers Law § 5). Following joinder of issue, plaintiff moved for summary judgment and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court denied plaintiff's motion and granted defendants' cross motion. Plaintiff now appeals, and we affirm.
With respect to defendants' cross motion for summary judgment, it was defendants' burden to establish their prima facie entitlement to judgment as a matter of law by tendering sufficient evidence demonstrating the absence of any material issue of fact (see Voss v Netherlands Ins. Co., 22 NY3d 728, 734 [2014]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). In support of their motion, defendants submitted the affidavits of Linda Neal, the Town Clerk, and James MacFarland, the Town's Deputy Supervisor. Neal indicated that plaintiff received biennial reappointments to the position of Comptroller in 2002, 2004, 2006 and 2008. Both Neal and MacFarland indicated that, upon expiration of plaintiff's 2008 appointment, he was not reappointed as Comptroller and, instead, accepted the position of Acting Comptroller, a position with no fixed term or tenure that serves at the pleasure of the Town Board. Neal further indicated that she prepared the agenda for a December 12, 2012 Town Board meeting, which specifically included an item calling for the Town Board to meet in executive session to discuss a personnel matter. Neal explained that, per her usual custom, she timely emailed the agenda to all Town Board members, department heads and the media. Neal and MacFarland both indicated that, at this meeting, the Town Board unanimously authorized Koetzle to advise plaintiff that his employment with the Town was terminated as of December 31, 2012. MacFarland indicated that Koetzle thereafter met with plaintiff on December 28, 2012, and informed him of his termination. Later that same day, MacFarland hand delivered a letter to plaintiff confirming his termination.
MacFarland also indicated that, as Acting Comptroller, plaintiff was not a member of a collective bargaining unit, he did not have an employment contract with the Town and, therefore, the Town Board was free to terminate his employment, without a hearing (see Civil Service Law § 75). MacFarland indicated that, even assuming that plaintiff's position as Acting Comptroller qualified him to receive a cash payment for unused accrued sick time pursuant to the terms of the collective bargaining agreement between the Civil Service Employees Association and the Town, inasmuch as the Town terminated plaintiff's employment, he was ineligible to receive any such payments. Based on the foregoing, defendants met their initial summary judgment burden, effectively shifting the burden to plaintiff to raise a triable issue of fact.
In opposition to defendants' cross motion and in support of his motion for summary judgment, plaintiff contends that, pursuant to Public Officers Law § 5, he was entitled, as a matter of law, to continue occupying the office of Comptroller until such time as his successor [*3]was chosen and qualified, which he claims did not occur until after he resigned from office on January 2, 2013 such that he is entitled to payment for certain accrued benefits. We find this argument unavailing. Plaintiff concedes that he was not reappointed to the office of Comptroller after the expiration of his 2008 reappointment. By operation of law, therefore, as of January 1, 2010, he no longer held the office of Comptroller and the position was considered vacant for purposes of appointing a successor (see Public Officers Law § 5; Matter of DiBattista v McDonough, 80 AD3d 936, 937 [2011]; Matter of Wheeler v County of Washington, 259 AD2d 902, 903 [1999]; Matter of Ause v Regan, 59 AD2d 317, 322-323 [1977])[FN2]. Thereafter, whether plaintiff continued to hold office as a result of being a hold over pursuant to Public Officers Law § 5 (see Matter of DiBattista v McDonough, 80 AD3d at 937; Matter of Wheeler v County of Washington, 259 AD2d at 903; Matter of Ause v Regan, 59 AD2d at 322-323), or by virtue of the fact that he accepted the Town's offer to continue as Acting Comptroller in a temporary capacity (see generally Matter of Cathy v Prober, 195 AD2d 999, 999 [1993], lv denied 82 NY2d 660 [1993]; Matter of Curcio v Pitts, 146 AD2d 770, 771 [1989]; Matter of Berg v Gerber, 78 AD2d 888, 888 [1980], affd 54 NY2d 854 [1981]), is immaterial because, in either case, defendant's employment status was that of an at-will employee and, as such, he served at the pleasure of the Town Board. Absent any express limitation on defendants' authority to terminate plaintiff, the Town Board was within its discretion to terminate plaintiff, as an at-will employee, at its December 2012 meeting. Moreover, as a terminated employee, plaintiff was not eligible to receive an award of any accrued benefits.
Nor do we find that the Town Board's December 12, 2012 determination to terminate plaintiff's employment was rendered null and void based on a violation of the Open Meetings Law (see Public Officers Law § 100 et seq.). Even assuming that the December 12, 2012 meeting was procedurally defective and violated the Open Meetings Law for failing to sufficiently particularize the subject to be considered during executive session (see Public Officers Law § 105), its actions with respect to plaintiff's employment were "not void but, rather, voidable" (Matter of Oakwood Prop. Mgt. LLC v Town of Brunswick, 103 AD3d 1067, 1069-170 [2013] [internal quotation marks and citation omitted], lv denied 21 NY3d 853 [2013]). Here, there is nothing in the record before us establishing that defendants intentionally violated the Open Meetings Law and, given that timely notice of the subject meeting was disseminated prior thereto and the undisputed fact that plaintiff was not reappointed to the office of Comptroller and, therefore, served as an at-will employee, we find that, under the circumstances presented, plaintiff failed to demonstrate sufficient good cause to warrant exercising our discretionary authority to invalidate defendants' determination terminating his employment (see Public Officers Law § 107 [1]; Matter of Frigault v Town of Richfield Planning Bd., 107 AD3d 1347, 1352 [2013]; Matter of Oakwood Prop. Mgt. LLC v Town of Brunswick, 103 AD3d at 1069-1070). Plaintiff's remaining contentions, to the extent not specifically addressed, have been reviewed and found to be without merit.
Garry, P.J., Lynch, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: During the spring of 2011, the Town Board actively advertised and solicited for new candidates for appointment to the position of Comptroller; however, the position remained vacant as the Town Board was not satisfied with the initial list of applicants and, in the interim, plaintiff continued on as Acting Comptroller. Notably, plaintiff applied and was interviewed for this position; however, the Town Board did not hire him at that time and elected to leave the position vacant.

Footnote 2: In light of our holding, we need not address whether the office of Comptroller was deemed vacant as a result of plaintiff's alleged failure to file the requisite oath of office.