■ In the Matter of VICTOR COMACHO, Appellant, v BENJAMIN WARD, as Commissioner of the New York State Department of Correction, Respondent.—In a proceeding pursuant to CPLR article 78 to compel respondent to return petitioner to the Ossining Correctional Facility, petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated May 8, 1978, which dismissed the petition. Judgment affirmed, without costs or disbursements. Petitioner offered no factual support to establish that his transfer from the Ossining Correctional Facility was "unconstitutional", and he concedes that "Even * * * the due process clause itself does not require a hearing with respect to prison transfers unless such transfer is otherwise violative of the Constitution" (see Montanye v Haymes, 427 US 236). Titone, J. P., Suozzi, Lazer and Cohalan, JJ., concur.

■ In the Matter of RALPH L. DE MARCO, Appellant, v CHARLES G. McLAUGHLIN, as Chief of Police of the City of Rye, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel respondents to rescind their acceptance of petitioner's resignation and to reinstate petitioner to his position with the Police Department of the City of Rye, with back pay, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated November 10, 1977, which, after a hearing, dismissed the petition. Judgment affirmed, without costs or disbursements. No opinion. Hopkins, J. P., Cohalan and Margett, JJ., concur.

Suozzi, J., dissents and votes to reverse the judgment and grant the petition with the following memorandum: By affirming the judgment dismissing the petition, the majority necessarily accepts the findings of the trier of fact that petitioner was not pressured in the late afternoon of August 18, 1975 into resigning from his position as a patrolman in the City of Rye Police Department, after being advised that charges of misconduct were then being drawn up against him and would be filed the next morning. I disagree. In my view, the weight of the credible evidence, including (1) petitioner's depression based upon family problems for which it was conceded that he had been under the care of physicians and took tranquilizers and sedatives, (2) the chief of police's directive to petitioner (about which the trier of fact found that "There appears to be no dispute") that he had one hour to consider whether to resign or face the charges, (3) the chief's statement to petitioner (about which there was, in the words of the trier of fact, "no dispute"), with knowledge of petitioner's concern about publicity, that a full release would be given to the press if he did not resign, while only the fact of petitioner's resignation would be disclosed to the press if petitioner chose that course, and (4) the chief's failure to inform petitioner of his right to a hearing to contest the charges, supports petitioner's claim that his resignation was involuntary and was produced under duress. Accordingly, I dissent and vote to reverse the judgment and grant the petition.