■ In the Matter of JOHN J. MURPHY, Appellant-Respondent, v CITY OF NEW YORK et al., Respondents-Appellants. [827 NYS2d 46]—

Judgment, Supreme Court, New York County (Doris Ling-Cohan, J.), entered May 24, 2006, granting the petition only to the extent of remanding to respondent Board of Trustees for a name-clearing hearing, but otherwise denying petitioner's application challenging his forced retirement, unanimously affirmed, without costs.

Petitioner is not entitled to a trial pursuant to CPLR 7804 (h) on the issue of whether his departure from the New York City Employees' Retirement System was coerced. Even accepting his version of the facts (i.e., that respondent Stark had told him he would be fired if he did not retire), petitioner's retirement would not be deemed involuntary (see e.g. Matter of De Marco v McLaughlin, 49 NY2d 941 [1980], affg 69 AD2d 882 [1979]). We

note this case is not about petitioner's pension, which was not in jeopardy even if he had been fired for misconduct because he was an honorably discharged war veteran (*see Matter of Rapp v New York City Employees' Retirement Sys.*, 42 NY2d 1, 6 [1977]).

Nor was petitioner entitled to a pretermination hearing pursuant to Civil Service Law § 75 (1) (b) or (c). Even if, arguendo, he was "removed" from a position he held by permanent appointment, he was not entitled to this statutory protection by reason of his status as an independent officer (*see e.g. Matter of O'Day v Yeager*, 308 NY 580, 585 [1955]; *Matter of Nolan v Tully*, 52 AD2d 295, 298-299 [1976], *lv denied* 40 NY2d 803 [1976]; *O'Neill v City of Auburn*, 23 F3d 685, 689-690 [2d Cir 1994]).

However, petitioner is entitled to a name-clearing hearing (*see Matter of Swinton v Safir*, 93 NY2d 758 [1999]). Respondents concede that the element of dissemination has been satisfied. Petitioner has sufficiently alleged that the report prepared by respondents Green and Department of Investigation contains inaccuracies (*see e.g. id.* at 764; *Brandt v Board of Coop. Educ. Servs., Third Supervisory Dist.*, 820 F2d 41, 43-44 [2d Cir 1987]). The report's conclusions are stigmatizing, as they arguably accuse petitioner of immorality (*see Swinton*, 93 NY2d at 763). Regardless whether petitioner resigned or was fired, he has satisfied the requirement of loss of employment (*see Abramson v Pataki*, 278 F3d 93, 101 [2d Cir 2002]).

The issue whether respondents violated their duties under the City Charter by disclosing the investigative report is best addressed in the separate civil lawsuit petitioner has brought. Concur—Friedman, J.P., Nardelli, Gonzalez, Catterson and Kavanagh, JJ.